## GUNTER v. LUDLAM.

Opinion delivered October 16, 1922.

1. MECHANICS' LIENS—PRIOR LIEN OF VENDOR.—Where persons furnishing labor and materials for the construction of a building were not merely claiming a lien on the building itself, under Crawford & Moses' Dig., but also claiming a lien on the land,

the owner of the land who had placed the party contracting
for the building in possession under a contract of sale had a
superior lien for the purchase price, though he knew that the
labor and materials were being furnished, as the mechanics'
lien is subject to prior incumbrances.

2.  SUBROGATION—MECHANICS' LIEN.—The fact that a borrower used
money loaned to pay persons having a mechanics' lien does not
subrogate the lender to such lienor's rights.

Appeal from Sebastian Chancery Court, Fort Smith
District; *J. V. Bourland,* Chancellor; reversed and affirmed.

*Geo. W. Dodd* and *I. C. Neal,* for appellant.

The court erred in decreeing to the lumber company
and the interveners a lien upon the fee of the lots superior to the rights of appellant.  C. & M. Dig., sec.
6909; 57 Ark. 481; 5 Ark. 217.

The interest of a vendor of land who makes an executory contract of sale is not liable to a mechanics' lien
merely because the vendee erected a building or made
improvements thereon.  18 R. C. L. 896.

A purchaser, under a contract of sale, who is in possession, can render his interest therein subject to a
mechanics' lien.  27 Cyc. 59.  A vendor has no contractual relation with the lien claimant.  18 R. C. L. 897.  Something more than mere inactive consent is necessary in
order that a lien may be acquired against the owner.
126 Ill. 72; 18 N. E. 275; 34 Utah 213; 97 Pac. 111; 2
Dougl. (Mich.) 54; 38 Mich. 587; 38 Neb. 691; 41 Am. St.
Rep. 767; 23 L. R. A. 600, note; *Cook* v. *Moore,* ms. op.

McCULLOCH, C. J.  John Gunter and M. W. Pate, the
appellants, owned a certain tract or lot of real estate in
the city of Fort Smith, and they entered into a written
contract with one of the appellees, Ludlam, for
the sale of the property at the price of $1,000, of which
$300 was to be paid in cash and the remainder in
monthly installments.  The contract was in duplicate,
signed by each of the parties, but Ludlam only paid
$200 of the cash consideration, and his copy of the
contract was retained by appellants until the remaining

sum of $100 should be paid. Ludlam was placed in possession of the property, but failed to pay the said sum of $100 and defaulted in monthly installments. A clause in the contract provided for acceleration of the maturity of all installments in the event of default in payment of any installment. Ludlam erected a house on the lot and purchased material from the Bell Lumber Company, appellees, and other parties, who claim liens on the property for labor and material furnished in the construction of the building. Ludlam borrowed the sum of $207.50 from appellant Gunter to use in paying for the foundation of the building.

This action was instituted by the two appellants, Pate and Gunter, and they seek to foreclose their lien as vendor for the unpaid purchase price. Gunter also claims a mechanics' lien by way of subrogation to the rights of the person who built the foundation of the house, and who, it is alleged, was entitled to a lien. The suit was against Ludlam and his wife, and also against the Bell Lumber Company and other parties asserting liens against the property.

On the hearing of the cause before the chancellor, there was a decree against Ludlam, in favor of the appellants, for the amounts claimed by them, respectively, and also a decree in favor of each of the parties asserting liens for labor and material furnished in the construction of the building, and the property was ordered sold to discharge the liens of the parties, but the court declared the liens of the appellee claimants superior to the liens of appellants, and an appeal has been duly prosecuted to this court.

The court was clearly in error in its decree subordinating the lien of appellants to the lien of those who furnished labor and material for the construction of the building. Appellants, having placed Ludlam in possession under a contract of sale, were in the attitude of vendors who had conveyed property and had accepted a mortgage back as security for the debt.

The statute (Crawford & Moses' Dig., sec. 6911) gives priority to liens for labor or material only against other incumbrances created after the commencement of the improvement, and in effect subordinates the lien to prior incumbrances by way of mortgage or otherwise.

The statute gives mechanics and furnishers of material liens on a building erected on land (Crawford & Moses' Digest, sec. 6909), and provides that such liens may be enforced by sale and removal of the building, but appellees are not asserting a lien merely on the building, and the decree of the court did not so confine it. A superior lien of appellees was decreed against the land itself.

There is no element of estoppel in the present case which would bar appellants from asserting the superiority of their lien. Mere knowledge on their part that labor and material were furnished for the construction of the building, or even their consent thereto, in the absence of some affirmative act which indicated a willingness to subordinate their claim to that of the subsequent lienors was not sufficient to operate as an estoppel.

Ludlam was in possession of the property as a mortgagor and had an alienable interest upon which he could create a lien, therefore his construction of the building and the creation of a lien for labor and material was referable to his own interest in the property, and acquiescence on the part of appellants as mortgagees did not constitute such an affirmative act as would operate as an estoppel to the claim of a superior lien.

We are unable to discover any grounds upon which appellant Gunter can assert a lien on the property for the amount loaned to Ludlam. He merely made a loan of money to Ludlam, and that did not constitute a lien nor operate as a subrogation on his part to the rights of the lienors whose claim was paid by the use of the funds borrowed.

The decree is therefore affirmed as to the separate claim of appellant Gunter, but it is reversed as to the vendor's lien of appellants, with directions to enter a decree declaring their lien superior to all others.