## JUDD v. RIEFF.

### Opinion delivered June 13, 1927.

1. VENDOR AND PURCHASER—EQUITABLE TITLE OF PURCHASER.—The effect of a contract for the sale and purchase of land, reserving to the vendor an option to declare the balance due on default and to rescind the contract, retaining payments as rent, was to make the purchaser the equitable owner and the vendor a mortgagee for the unpaid purchase money.

2. MECHANICS' LIEN—PRIORITY OVER PURCHASE-MONEY LIEN.—The lien for materials for building a garage, furnished to a purchaser in possession prior to the vendor's exercise of his option to declare a contract rescinded for default, was superior to a vendor's lien on the garage, under Crawford & Moses' Dig., § 6909, providing that a materialman's lien on a specific improvement shall be superior to prior incumbrances on the land.

3. MECHANICS' LIEN—RIGHT TO REMOVE GARAGE.—A garage for whose construction materials were furnished to a purchaser in possession, under contract, is subject to removal for satisfaction

of the materialman's lien, after the vendor has exercised his option to retake the property for default.

4. MECHANICS' LIEN—EXTENT OF LIEN.—One who claims a lien for materials furnished to build a garage under Crawford & Moses' Dig., § 6909, for materials furnished by him to a purchaser, has no lien on the land after the vendor has retaken the property upon the purchaser's default.

5. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Where the owner of property, after retaking the land from a default purchaser, sought to quiet his title against a materialman's lien, created during the purchaser's occupancy, may not complain on appeal that the lien was not filed within 90 days as required by Crawford & Moses' Dig., § 6922, where the issue was not raised by the pleadings or at the trial.

6. QUIETING TITLE—BURDEN OF PROOF.—The burden is on the landowner, seeking to quiet his title against a mechanic's lien created by a defaulting purchaser while in possession, on the ground that the claim was not filed in time, under Crawford & Moses' Dig., § 6922, to prove that the last item of materials was furnished more than 90 days before the filing.

7. MECHANICS' LIEN—BURDEN OF PROOF.—A vendor of land, seeking to cancel as a cloud on his title a mechanic's lien created by a defaulting purchaser while in possession, does not discharge the burden on him of proving that the last item was furnished more than 90 days before filing of the claim, under Crawford & Moses' Dig., § 6922, by showing that an account for less than the full claim was so presented.

Appeal from Pulaski Chancery Court; *Chas. B. Thweatt*, Special Chancellor; affirmed.

*John L. Crank*, for appellant.

*Carmichael & Hendricks*, for appellee.

WOOD, J. This is an action by Blanche L. Judd against H. F. Rieff to cancel a material furnisher's lien which Rieff filed on February 17, 1925, on lots 2 and 3, block 4, Heisman's Addition to the city of Little Rock, in the sum of $42.50. The plaintiff alleged that the defendant had no right to a lien for any sum; that plaintiff was the owner of these lots, and that the lien filed by the defendant was a cloud upon her title. The defendant, in his answer, admitted that he had filed a lien as alleged in plaintiff's complaint, and set up that he was entitled to the lien, and prayed by way of cross-complaint that

he have a judgment for $42.50 and that same be declared a lien on the lots in controversy, and that the property be sold to satisfy the judgment. In her answer to the cross-complaint the plaintiff denied that defendant had any right to the lien and judgment in the sum prayed.

The facts are substantially as follows: The plaintiff was the owner of lot 3, block 4, Heisman's Addition to the city of Little Rock, and, on October 2, 1924, she entered into a contract with N. F. Wicker and wife by which she agreed to sell to them the lot in controversy for the sum of $1,900, $50 in cash and monthly payments thereafter in the sum of $20 until the purchase money was paid. There was a provision in the contract making time the essence thereof and specifying that, if the buyer fails to pay any monthly installment when due, and allows the same to become delinquent for more than thirty days, the seller had the option to declare the entire balance of the purchase money due and collectable or to rescind the contract; and further, that the payments already made should be retained by the seller, not as a penalty, but as rent for the land; and there was an agreement that, upon demand of possession by the seller, the purchaser would immediately surrender the possession of the property.

Wicker went into possession of the property under the contract. While the contract was in force, the defendant furnished lumber to Wicker which was used by him in building a garage on lot 3, the purchase price of which was $42.50; $15 had been paid, leaving a balance due of $27.50.

On February 17, 1925, the defendant filed a lien on the lot in controversy for the sum of $42.50. The garage was first built at the side of the house as a part of the house. It was afterwards moved to the back part of the lot. After the garage was moved from the side of the house, Wicker evidently bought more lumber, because, as built at the back of the lot, it had four sides to it and had a regular gabled roof on it. Wicker kept getting behind with his payments, so the plaintiff took the place back

after the defendant had filed his lien. The plaintiff never had any notice that the defendant had furnished any material to Wicker for the building of the garage until a few days before she filed her suit. Plaintiff did not give Wicker or his wife any authority, directly or indirectly, to buy any material and place it upon the property.

The trial court found that there was due the defendant the sum of $28.50 for material furnished that went into and became a part of the garage situated on the lot in controversy; that the defendant had a lien on the garage, and was entitled to have the same sold to satisfy the claim. The court directed that, unless the amount of the decree be paid, the garage be sold to satisfy the decree. The court also directed that the purchaser of the garage should have the right to remove the same within thirty days after confirmation of the sale. From the decree is this appeal.

Our statute gives a lien to any person who shall furnish any material for any building upon land "under or by virtue of any contract with the owner or proprietor thereof," to secure the payment for such material. The statute gives the lien on the land only to the extent of the title or interest owned therein by the owner or proprietor of such building. The lien attaches to the building or other improvements in preference to any prior lien or incumbrance or mortgage existing upon the lands before the improvements were made, and the person entitled to and enforcing such lien may have the building, erection, or improvement sold under execution, and the purchaser has a right to remove the improvement purchased within a reasonable time. See §§ 6906, 6908, 6909, C. & M. Digest.

The effect of the sales and purchase contract under review, in equity, was to create a mortgage in favor of the vendor, Mrs. Judd, to secure the purchase money. Wicker, in effect, became the vendee and equitable owner and mortgagor and Mrs. Judd the mortgagee. *Fairbairn v. Pofahl*, 144 Ark. 313, 222 S. W. 16; *Gunter v. Ludlam*,

155 Ark. 201, 244 S. W. 348. Section 6933 of C. & M. Digest provides that every person for whose immediate use, enjoyment or benefit a building, erection or other improvement shall be made shall be concluded by the words "owner or proprietor thereof." The above language is sufficiently comprehensive to include and does include the vendee in possession under a contract of purchase such as that under review. Wicker was the equitable owner or proprietor, and in possession of the lot in controversy at the time he purchased the materials from Rieff which were used in the building of the garage. The purchase and use by Wicker of the materials in the building of a garage on the lot in controversy gave to Rieff the right to perfect a lien under the statute on the lot to the extent of Wicker's interest therein. See *Gunter* v. *Ludlam, supra;* 27 Cyc. 29, 18 R. C. L. 885.

The statute (§ 6909, C. & M. Digest) provides that the lien shall attach to the buildings, erection or other improvements for which they were furnished in preference to any prior lien or incumbrance or mortgage existing upon the lands before the buildings were erected or put thereon, and also confers upon the person enforcing the lien the right to sell the improvements under execution, and confers upon the purchaser at the sale the right to remove the same within a reasonable time, etc. There is no provision in the sales contract to the effect that, upon the failure of the vendee to make any of the monthly payments, the contract, from that time, should be considered as establishing the relation of landlord and tenant. On the contrary, the effect of the contract is that the relation of landlord and tenant between the vendor and the vendee does not begin until the vendor has exercised the option to declare the entire purchase money due and to treat the contract as rescinded. The appellant did not seek to rescind the contract until after the garage was first attached to the building on the lot, nor indeed until the garage thereafter had been detached, removed and rebuilt on another part of the lot. The

appellant, as we have seen, under the sales contract as the vendor had a lien for the unpaid purchase money which was superior to appellee's lien on the lot, because it existed before the appellee's lien was filed; but, under this statute, the appellee's lien for materials furnished and used in the garage, which was first attached to the original building and which was afterwards moved and built into a garage on the back of the lot, was superior to the appellant's lien under the sale contract.

In *Imboden* v. *Citizens' Bank,* 163 Ark. 615, 260 S. W. 734, we held that, under § 6909, *supra,* a mechanic's or materialman's lien is superior to a prior mortgage only on a separate building constructed with the labor and material furnished or such addition as is separable from the original building without injury thereto. And in *Gunter* v. *Ludlam, supra,* we held that § 6911 of C. & M. Digest ''gives priority to liens for labor or material only against other incumbrances created after the commencement of the improvement, and in effect subordinates the lien to prior incumbrances by way of mortgage or otherwise.'' In *Chauncey* v. *Dyke Bros.,* 119 Fed. 1-7, the Circuit Court of Appeals, construing this statute, among other things said:

''The lien law in question is a remedial statute. It was enacted to secure to laborers, artisans and others who perform labor or furnish materials for the erection of buildings on the land of others, payment for such services and materials by giving them a lien on the structure which they have helped to create, instead of compelling them to rely merely on the personal security of the debtor. That such laws are fair and just, and that they also tend to encourage the erection of buildings by insuring payment for the labor and materials that are expended in their erection, has been generally recognized. As such laws are remedial in their nature and are prompted by a wise policy, they should be liberally construed in favor of the class of persons for whose benefit they were intended.''

If the appellee had perfected his lien by filing the same in time under the statute, it follows that the trial court was correct in holding that the garage was subject to sale for the payment of the balance due appellee for material furnished in the building of such garage and in directing that same be sold unless the sum due was paid. It follows that the trial court ruled correctly in dismissing the appellee's cross-complaint so far as the same sought to have a lien declared on lot 3.

2. The appellant contends here that, even if appellee be entitled to a lien, he did not perfect the same by complying with the requirements of § 6922 of C. & M. Digest. That section requires the person who wishes to avail himself of the act to file with the clerk of the circuit court of the county in which the building, erection, or other improvement to be charged with the lien is situated, a just and true account of his demand, within ninety days after the things shall have been furnished. The complaint, the cross-complaint and the reply to the cross-complaint do not raise this issue. The trial court's attention was not directed to it as an issue in the cause. On the contrary the record shows that the cause was heard in the trial court on the theory only that Wicker had no such interest in the property as would enable him to create a lien in favor of the appellee. Besides, there is nothing in the nature of the claim filed by the appellee to indicate that the last item of the materials was furnished more than ninety days before the filing of the claim. The burden of proof was upon the appellant, who was seeking to cancel the lien, to prove that the last item of the materials constituting appellee's account against appellant was furnished more than ninety days before the appellee filed his account under § 6922, *supra*. *Ferguson Lumber Co.* v. *Scriber,* 162 Ark. 349, 258 S. W. 353, and *Planters' Cotton Oil Co.* v. *Galloway,* 170 Ark. 712, 280 S. W. 999.

The appellant did not discharge the burden of proof by merely showing that appellee had presented an account to Wicker containing items for $36.60, which

items had been furnished more than ninety days before the filing of appellee's claim. Appellee's claim was for $42.50. For aught shown to the contrary, some of the items making up this account were furnished ninety days before the filing thereof.

The decree is affirmed.