**In the Matter of Charles COX, Debtor.**

**Bankruptcy No. 82–01598.**

United States Bankruptcy Court,
D. Idaho.

April 1, 1983.

Charles M. Dodson of Dodson & Rude, Coeur d'Alene, Idaho, for the Jensens.

Richard W. Sweney of Anson & Sweney, Coeur d'Alene, Idaho, for trustee.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

This matter is before the court upon the motion of a vendor in a real estate sales contract to require the trustee of the debtor vendee's estate to assume or reject the real estate contract. Trustee takes the position that the contract is not an executory contract subject to the provisions of § 365 of the Bankruptcy Code.

The contract in question is a typical contract frequently used in land sale transactions in Idaho. Part of the purchase price is paid to vendor on execution of the contract and the balance is payable in installments. At the time of execution, vendor executes a deed and places it together with evidence of good title in possession of an escrow agent to be delivered to vendee when the full purchase price is paid, or returned to vendor on vendee's default. The escrow agent receives and records payments from the vendee and transmitts them to vendor. Vendee is placed in physical possession of the realty and has the rights and duties of an owner. The escrow agent is the joint agent of the vendor and vendee, with administrative obligations only.

If such a contract is deemed an executory contract falling under § 365 of the Code, a trustee, or a debtor-in-possession under chapters 11 or 13, must meet the requirements of § 365 before he can assume the contract. In particular, he must cure all defaults or give adequate assurance that he can do so within a reasonable time, and also give adequate assurance of future performance and compensation for any pecuniary losses suffered by the non-debtor party to the contract. Where the debtor is a vendee, assumption may be an impossible burden, with the result that any equity he may have in excess of the amount of the unpaid purchase price will be lost.

The Bankruptcy Code does not attempt to define the term executory contract as used in § 365. This was done deliberately. What has traditionally been considered an executory contract, to wit "one in which future performance is required of at least one party to the contract", has not always been considered an executory contract in bankruptcy. Rather, the definition promulgated by Professor Countryman, in his treatise on Executory Contracts in Bankruptcy: Part I, 57 Minn.L.Rev. 439 (1973) has been widely accepted. Under this definition, an executory contract is:

> "[A] contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other."

This definition has been approved by the Ninth Circuit Court of Appeals in *In re Alexander (Benevides v. Alexander)*, 670 F.2d 885 (9th Cir.1982), which dealt with a "Deposit Receipt Agreement for Sale of Real Property" held by the court to be an executory contract which could be rejected by the vendor debtor on the ground material performance remained due on both sides. The vendor had not conveyed title, or delivered possession and the vendee had not paid the purchase price although he had tendered it.

Purchase money mortgage transactions (including trust deed security devices) have not been held to be executory contracts for

bankruptcy purposes, although they are for future payment of the purchase price and are often functionally the equivalent of a contract for sale of real estate. In both instances, the vendor holds only a lien on the property as security for the price. The doctrine of equitable conversion, when applied to a contract for the sale of the kind herein discussed, considers the vendor as a trustee holding title in trust for the purchaser and as security for the purchase price. He is considered owner of the purchase money with an equitable lien on the property for any unpaid balance of the purchase price. 27 Am.Jur.2d Equitable Conversion § 11, at 494. In practical fact, the vendor in transactions of the kind in issue performs no duties after the execution and deposit of title documents with the escrow holder. He cannot terminate the agreement and recover possession of the property unless there has been a material breach by the buyer and termination does not result in a penalty to the vendee. *Graves v. Cupic,* 75 Idaho 451, 272 P.2d 1020 (1954). See also *Walker v. Nunnenkamp,* 84 Idaho 485, 373 P.2d 559 (1962).

The strongest argument for considering transactions of the type here involved as an executory contract is found in the words of § 365(i) and (j), wherein the rights of a nondebtor vendee are protected. Judge Mabey's opinion in the case of *In re Booth,* 19 B.R. 53, 8 B.C.D. 1393 (Bkrtcy.D.Utah 1982) refutes this argument, holding that these sections were enacted by Congress to protect nondebtor vendees from the adverse effects of having such contracts rejected by trustees when it was to the advantage of the estate. Some courts had, prior to the enactment of the Code in 1978, allowed debtor vendors to reject such contracts with the result that the equity of the nondebtor vendee was lost. Sections 365(i) and (j) treat the nondebtor vendee as a mortgagor. Thus, these sections may be a recognition by Congress that such contracts are the equivalent of mortgages and should be dealt with as such, and, in Judge Mabey's view, if the nondebtor vendee is to be treated as a mortgagor by the Code, should not the debtor vendee be treated likewise. See also the discussion of Judge Glennon in *In re Gladding Corp.,* 22 B.R. 632, 634–635 (Bkrtcy.D.Mass.1982).

Judge Mabey concluded a vendor's interest under such a contract should be considered a lien only. A three pronged test was adopted: (1) will treatment of the contract as executory result in a forfeiture of an asset valuable to the estate, (2) will the rehabilitation of the debtor be made more difficult or impossible as a result of the § 365 requirements, and (3) will creditors be adequately protected. If all three are answered in the affirmative, Judge Mabey will treat the retention of title by the vendor as a lien only, which must be foreclosed and protected like the lien of a mortgagee.

I conclude that Judge Mabey's result is correct. While there are contracts for the sale or exchange of land which are not the equivalent of a mortgage, the type of contract here under discussion is the functional equivalent of a mortgage or trust deed, and have been so considered by the Idaho Supreme Court in a number of cases. A recent case is *Thomas v. Klein,* 99 Idaho 105, 577 P.2d 1153 (1978) wherein the court found that strict forfeiture of a contract by a vendor would amount to a penalty and held that equity required the "contract be foreclosed and the property sold by judicial sale." And, in *Heinrich v. Barlow,* 87 Idaho 72, 390 P.2d 831 (1964), the Idaho Supreme Court held such contracts were "executory", but that retention of title is essentially a security device equal to or stronger than a mortgage.

If the contract for sale of land, where the only obligation left on the vendor is conveyance of title, is an executory contract falling under § 365, then purchase money mortgages and trust deeds should also be considered executory contracts. When the mortgagor pays the full purchase price, the mortgagee has the duty to satisfy the mortgage. When a buyer pays the purchase price to a seller secured by a trust deed, the trustee (functionally equivalent to an escrow agent in land sale contracts) has a duty to convey title to the buyer. Courts have no difficulty in conceiving of these

transactions as security devices requiring foreclosure under local law.

For the foregoing reasons, ˙I conclude that under the type of contract described herein where the vendor has no obligation under the contract except to convey title upon the receipt of the purchase price, that vendor is the holder of a "security interest" only, assuming the factors identified by Judge Mabey are met. This conclusion is reinforced by the doctrine of equitable conversion which has long converted the legal title retained by a contract seller from an owner interest in realty to a security interest. The vendor's contract right is only to receive the purchase price and retain bare legal title for purposes of security. In equity, the vendee is the owner of the realty.

I thus deny the motion of Alfred L. Jensen and Donna Jensen to require the trustee to accept or reject the land sale contract in which they are vendors and debtor the vendee. In light of this conclusion, the failure of trustee to act under the provisions of § 365(d)(1) is of no consequence.