**In re Donald W. SPECK, Sr., and Joan L. Speck, d/b/a Farmers, Debtors.**

**and**

**In re Robert Eugene McGUIRE and Ethel Arlene McGuire, d/b/a North Dakota Old West Feed, Ashley Old West Feed, Missouri River Old West Feed, Miller Liquid Feed, East River Old West Feed, Prairie Livestock, and Minnesota Old West Feed; f/d/b/a Livingston Old West Feed, Platte Valley Old West Feed, and Nebraska Old West Feed, all sole proprietorships, Debtors.**

Bankruptcy Nos. 384–00020, 484–00254.

United States Bankruptcy Court, D. South Dakota.

July 3, 1985.

Max A. Gors, Gors, Braun & Carlon, Pierre, S.D., for debtors Donald W. Speck, Sr., and Joan L. Speck.

Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for Speck Movant The First National Bank in Sioux Falls.

J. Bruce Blake, Sioux Falls, for debtors Robert Eugene McGuire and Ethel Arlene McGuire.

Curtis E. Wallum, Stuart, Gerry & Grunewaldt, Sioux Falls, S.D., for McGuire Movants M. Mark Menard and Verna W. Menard.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

These cases have been consolidated for the Court's resolution of a single legal issue: Whether a contract for deed for the purchase of real estate is an executory contract within the meaning of 11 U.S.C. § 365, which must be assumed or rejected, or a financing device which can be treated as a secured debt in the plan of reorganization.

The facts in these cases are similar and undisputed. In each case, the debtors are the buyers of real estate on a contract for deed which provides that the buyer will make periodic payments to the seller. Upon completion of the payments, the seller will deliver merchantable title to the property to the buyer. During the life of the contract, the buyer has the right to possession and to the rents and profits. The buyer also assumes the responsibility for insuring and maintaining the property. In each of the instant cases, the buyers are now in default on the contract. The cases

come before the Court on motions by the sellers to compel assumption or rejection of the contracts, to which each of the debtors/buyers filed an answer alleging that the contract for deed is merely a financing device and not an executory contract and that it should be treated as a security agreement or a mortgage in the plan of reorganization.

Although the term, executory contract, is not defined in the Bankruptcy Code, most courts have adopted the definition advanced by Professor Countryman in his authoritative article on the subject. He defines an executory contract as, "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 460 (1973). The Eighth Circuit Court of Appeals first adopted this definition for executory contracts in the context of bankruptcy in *Northwest Airlines, Inc. v. Klinger*, 563 F.2d 916 (8th Cir.1977), and cited it again two years later in *Jenson v. Continental Financial Corp.*, 591 F.2d 477 (8th Cir. 1979). The legislative history of 11 U.S.C. § 365 also indicates that Congress generally followed the Countryman definition, intending the term to be defined as a contract "on which performance remains due to some extent on both sides." S.Rep. No. 989, 95th Cong., 2d Sess. 58, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5844; H.R.Rep. No. 595, 95th Cong., 2d Sess. 347, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6303.

Several recent cases in other jurisdictions with similar facts have declared these contracts to be security devices, adopting the reasoning in *In re Booth*, 19 B.R. 53 (Bkrtcy.D.Utah 1982). This Court disagrees with that conclusion.

The contracts at issue in the instant cases clearly fall within the Countryman definition of an executory contract. The debtors/buyers in each case have yet to pay the agreed-upon purchase price and the seller has yet to deliver title to the property. Performance, therefore, remains due on each side.

In the recently published case, *Shaw v. Dawson*, 48 B.R. 857 (D.N.M.1985), the New Mexico court analyzed the legislative history of Section 365 and accurately pointed out that had Congress intended to make an exception for debtor/purchasers, it could and would have done so, as it did for nondebtor/purchasers in Subsection (i). *Id.* at 860. The New Mexico court went on to distinguish the cases following *Booth* by noting that, in those states, a contract for deed was treated the same as a mortgage, while, in New Mexico, that is clearly not the rule. *Id.* at 861; *see, also, Matter of Patch Graphics*, 32 B.R. 373 (Bkrtcy.W.D. Wis.1983); *Matter of Charles Cox*, 28 B.R. 588 (Bkrtcy.D.Idaho 1983). This Court believes the same to be true in South Dakota. Mortgages and contracts for deed are treated differently in the South Dakota statutes, with separate rights, requirements, and remedies; *see* S.D.C.L. Ch. 43–26, "Real Estate Sale Contracts," and Ch. 21–50, "Foreclosure of Real Estate Contracts;" S.D.C.L. Ch. 44–8, "Real Estate Mortgages," and Ch. 21–47 and Ch. 21–48, "Actions to Foreclose Real Property Mortgages;" and contracts for the sale of real estate are referred to in the statutes as executory contracts. S.D.C.L. § 21–50–1.

Although it would undoubtedly be easier from a reorganization standpoint to allow the debtors to treat a contract for deed as an ordinary security device, that was clearly not the intention of the parties at the time of the making of the contracts and to so hold now would be contrary to the intent of Congress under the Bankruptcy Code and would fly in the face of generations who have bought and sold land in this manner. The contract for deed is one of the few alternatives to commercial financing available, and it is especially well-suited to the realities of agricultural land sales. To those who have always relied upon the intrinsic value of the land, holding the deed is more than a ministerial act, it is the

ultimate protection. This Court can view it in no other way.

Therefore, this Court holds that the contracts for the sale of land in these cases are executory contracts and must be assumed or rejected by the debtors according to the requirements of the Code, and it will be so ordered.