In re Irene Ruth JONES, Debtor.

**Dan L. THORPE and Betty L. Thorpe, Plaintiff,**

v.

**Irene Ruth JONES, Defendant.**

**Bankruptcy No. LR 85–385M.**

**CMS No. 85–438M.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

Oct. 15, 1985.

M.W. Villines, II, Conway, Ark., for debtor.

Stephen Bennett, N. Little Rock, Ark., for Thorpes.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

The debtor, Irene Ruth Jones, filed a voluntary petition for relief on March 13, 1985, under the provisions of Chapter 13. The debtor listed the claim of Dan L.

Thorpe and Betty L. Thorpe as a long-term debt secured by a lien on the debtor's residence. The claim was for the sum of $29,-092.20. The debtor acknowledged the existence of a default amount of $2,383.16 and proposed in her plan to pay the regular monthly payments of $299.29, plus the sum of $67.48 on the arrearage including ten percent interest.

■ Dan L. Thorpe and Betty L. Thorpe (the Thorpes) filed a pleading styled objection to confirmation of plan and motion to relax automatic stay. The Thorpes alleged that they were the sellers of real property to the debtor pursuant to a land sales contract. They further alleged that the contract was an executory contract which had been breached by the debtor prior to the filing of the petition and that the plan should not be confirmed because it had been breached. The Thorpes obtained a decree of foreclosure in the Chancery Court of Faulkner County, Arkansas, prepetition but the commissioner's sale pursuant to the decree had not yet occurred at the time the petition was filed. Under these circumstances the debtor still has an interest in the property which is property of the estate. *In re Augustus Court Associates*, 43 B.R. 352 (Bkrtcy.E.D.Pa.1984); *In re Vieland*, 41 B.R. 134 (Bkrtcy.N.D. Ohio 1984); *In re Taddeo*, 685 F.2d 24 (2nd Cir.1982).

■ The determinative issue is whether a land sales contract is an executory contract which must be assumed or rejected by the debtor or whether it should be treated as a security device, similar to a mortgage. Irene Jones' plan does not treat the Thorpes contract as an executory contract and does not provide for its assumption or rejection. If the land sales contract is construed as an executory contract then confirmation must be denied because the plan does not comply with 11 U.S.C. § 1325(a)(1) and 11 U.S.C. § 365(d)(2). The debtor would, if the contract were assumed, have to propose to cure all of the arrearages at once and provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1)(A), (B) and (C).

In Arkansas, as in most states, there are several alternative methods of financing the sale of real property. The most common method is when the purchaser receives and records a deed from the seller and executes a mortgage or deed of trust in return to secure the remaining unpaid purchase price. A second alternative is an escrow contract which involves the seller's execution of a deed which is placed with an escrow agent. The purchaser pays the balance of the purchase price to the escrow agent and upon payment in full, the escrow agent delivers the deed to the purchaser. A third alternative is a contract for deed which provides that the seller is not obliged to execute or deliver the deed until the purchase price is paid in full. In the latter two examples the contracts typically provide that if the buyer defaults, any monies already paid will be considered liquidated damages or rent and that default in the payment when due constitutes a breach which excuses performance by the seller and renders the contract void. Escrow contracts generally provide for the return of the deed to the seller by the escrow agent upon default by the purchaser. In all three examples the purchaser takes possession of the premises at the time of the execution of the contract or deed and is liable for the payment of all taxes and insurance during the life of the contract or mortgage. The contract in question is a contract for a deed.

The Bankruptcy Code does not define the term executory contract, and most courts have used the following definition advanced by Professor Vern Countryman in Countryman, *Executory Contracts in Bankruptcy: Part 1*, 57 Minn.L.Rev. 439, 460 (1973).

A contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other.

*See In re Booth*, 19 B.R. 53 (Bkrtcy.D.Utah 1982); *In re Speck*, 50 B.R. 307 (Bkrtcy.D.

S.D.1985). Some courts have observed that Congress intended to adopt a similar meaning of executory contracts.[1] *In re Alexander*, 670 F.2d 885 (9th Cir.1982); *In re Booth*, 19 B.R. at 55. Countryman's definition appears to have been adopted in this Circuit. *Matter of Newcomb*, 744 F.2d 621 (8th Cir.1984).

11 U.S.C. § 365(i)(1) deals specifically with the rights of purchasers under a land sales contract where the debtor is the seller. The language of that provision impliedly suggests that these contracts are executory.[2]

Some courts have held that a land sales contract is an executory contract because of the substantial performance remaining on both sides. *Shaw v. Dawson*, 48 B.R. 857 (D.C.N.M.1985); *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir.1983); *In re Speck*, 50 B.R. at 307. Other courts have held such contracts not to be executory even when substantial performance remains on both sides. *In re Booth*, 19 B.R. at 53; *Matter of Cox*, 28 B.R. 588 (Bkrtcy.D.Idaho 1983). The latter cases generally reflect a view that the Countryman test should be considered in light of the rehabilitative purpose of the Code and the desire to enlarge the benefits of the Code. *In re Roman Crest Fruit, Inc.*, 35 B.R. 939 (Bkrtcy.S.D.N.Y.1983); *In re Gladding Corp.*, 22 B.R. 632 (Bkrtcy.D. Mass.1982); *In re Booth*, 19 B.R. at 53; *Matter of Cox*, 28 B.R. at 588. Support for this view is found in Countryman's article.[3]

This Court is persuaded by the reasoning of the Court in *In re Booth* that the contract should not be treated as an executory contract but as a security device even though substantial performance remains on both sides. Such a construction will give effect to the true substance of the transaction. Under state law, for instance, the effect of a contract for a deed is to create a mortgage in favor of the seller and vest equitable title in the purchaser. *Judd v. Rieff*, 174 Ark. 362, 295 S.W. 370 (1927); *Gunter v. Ludlam*, 155 Ark. 201, 244 S.W. 348 (1922). Paradoxically, such contracts are referred to as executory contracts. *Corcorren v. Sharum*, 141 Ark. 572, 217 S.W. 803 (1920); *Robbins v. Fuller*, 148 Ark. 173, 229 S.W. 8 (1921). Where the debtor is the purchaser a contract for a deed benefits the estate more when viewed as a lien and also furthers the rehabilitative goal of the Bankruptcy Code generally. This is consistent with the result created by 11 U.S.C. § 365(i)(1) when the debtor is the seller under a contract of deed. Furthermore, as the Court in *In re Booth* observed, leases which are disguised security interest are treated in bankruptcy according to their substance not their form in order that the debtor's equity may be made available to the estate. *See also In re Scrap Disposal, Inc.*, 15 B.R. 296 (Bkrtcy. App., 9th Cir.1981). Likewise, treatment of this contract for a deed as a security instrument will diminish the likelihood of a forfeiture of the debtor's equity in her homestead which should be preserved where possible. Here, if the land sales contract is not treated according to its substance, it will be substantially more difficult for the debtor to receive the benefits Chapter 13 bestows. Further, the sellers will not be unreasonably harmed; their interest will be adequately protected because

1. "[N]otes of the committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5844, observes with regard to 11 U.S.C. § 365 [Executory Contracts and Unexpired Leases]: 'Though there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides.'" *In re Alexander*, 670 F.2d 885, 887 (9th Cir.1982).

2. 11 U.S.C. § 365(i)(1) provides, "If the trustee rejects an executory contract of the debtor for the sale of real property or for the sale of a timeshare interest under a timeshare plan, under which the purchaser is in possession, such purchaser may treat such contract as terminated, or, in the alternative, may remain in possession of such real property or timeshare interest."

3. "The concept of the 'executory contract' in bankruptcy should be defined in the light of the purpose for which the trustee is given the option to assume or reject." Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 450 (1973).

they retain legal title to the property until payment in full is accomplished.

The land sales contract is determined in substance to be a security device similar to a mortgage as opposed to an executory contract. The objection to confirmation is overruled.

IT IS SO ORDERED.