**In the Matter of Ed SCANLAN, Engaged in Farming, Debtor.**

**Bankruptcy No. 87–479–C.**

United States Bankruptcy Court, S.D. Iowa.

Nov. 18, 1987.

purchase-money lien pursuant to 11 U.S.C. § 522(f).

**1.** The court notes that on April 14, 1987 the debtor filed an objection to the claim of Mau-

Marlyn S. Jensen, Osceola, Iowa, for debtor.

Anita L. Shodeen, Des Moines, Iowa, Trustee.

Donald R. Clark, Creston, Iowa, for Maurine Helena Spring.

## MEMORANDUM OF DECISION AND ORDER

LEE M. JACKWIG, Bankruptcy Judge.

On April 16, 1987 a motion to terminate automatic stay and a motion to compel debtor to assume or reject executory contract filed on behalf of Maurine Helena Spring and resistances thereto filed on behalf of the debtor came on for telephonic hearing before the court in Des Moines, Iowa. Donald R. Clark appeared on behalf of Maurine Helena Spring and Marlyn S. Jensen appeared on behalf of the debtor. At the close of the hearing the parties were directed to brief both issues by May 8, 1987. The matters were considered fully submitted on that date.[1]

## BACKGROUND

The debtor and Maurine Helena Spring entered into a contract for the sale of real estate in 1978. The contract called for a down payment of $14,500.00 and ten annual payments of $3,500.00 plus 8 percent interest on the unpaid balances. Regular contract payments were made until 1984. The

rine Spring. Since the debtor's objection involves the same issues presented in the pending motions, this decision and order likewise resolve the objection.

principal payments due on March 1, 1985, 1986 and 1987 were not made—leaving an outstanding balance to date of $21,000.00 plus interest. Ms. Spring sent debtor a notice to cure default and filed a request for mediation. According to Ms. Spring, the parties attended a mediation meeting on February 18, 1987. Thereafter, negotiations broke down and the debtor filed his Chapter 12 petition in bankruptcy on February 24, 1987.[2]

In her motion to terminate automatic stay filed on March 13, 1987, Ms. Spring asserts that the present value of the property is less than the amount owed on the contract. She also claims a lack of adequate protection for her interest in the property and no reasonable prospect of the debtor's reorganization. For her motion to compel debtor to assume or reject executory contract filed on March 30, 1987 Ms. Spring asserts that the real estate contract is executory and must be assumed or rejected by the debtor.

The debtor filed resistances to the above motions on March 23, 1987 and April 14, 1987. The debtor argues that the real estate contract in issue is not an executory contract under 11 U.S.C. section 365, but rather is a secured claim to the extent of the present value of the property under 11 U.S.C. sections 502 and 506. The debtor has offered to pay reasonable rental for the use of the property or to pay interest on the principal sum to the extent of the value of the security until a plan is confirmed. On May 26, 1987 the debtor filed his Chapter 12 plan. The debtor treats the claim of Ms. Spring as a secured claim to the extent of $18,300.00, the fair market value of the property. The debtor then offers to pay $1,500.00 per year principal for 8 years plus interest at 8 percent.

## DISCUSSION

The resolution of the issues in this case hinges upon whether a real estate contract is an executory contract. If the contract is executory and is assumed, the debtor must

take the contract as written, with its benefits and burdens. *See* 11 U.S.C. § 365(b)(1) and § 1222(b)(6). If the contract is equivalent to a mortgage, the debtor may "writedown" the contract to the fair market value of the property. *See* 11 U.S.C. § 1222(b)(2) and § 1225(a)(5).

"Executory contract" is not defined in 11 U.S.C. section 365 nor in any other section of the Bankruptcy Code. The legislative history of section 365 indicates, however, that Congress intended the term to be defined as a contract "on which performance remains due to some extent on both sides." S.Rep. No. 989, 95th Cong., 2d Sess., 58 and H.Rep. No. 595, 95th Cong., 1st Sess. 347, *reprinted* in 1978 U.S.CODE CONG. & ADMIN.NEWS 5787, 5844, 5963, 6303. This description essentially tracks with the definition of an executory contract enunciated by Professor Vern Countryman in his oft quoted article, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 435 (1973). According to Countryman, an executory contract is:

A contract under which the obligation of both the bankrupt and the other party are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other.

*Id.* at 460.

The issue of whether a real estate contract falls within the definition of an executory contract has generated considerable litigation. Many courts have held that a land contract is an executory contract because substantial performance remains due on both sides—the obligation of the buyer to pay the purchase price and the obligation of the seller to deliver title. *See, Matter of Dunes Casino Hotel,* 63 B.R. 939 (D.N.J.1986); *Shaw v. Dawson,* 48 B.R. 857 (D.N.M.1985); *In re Buchert,* 69 B.R. 816 (Bankr.N.D.Ill.1987); *In re Waldron,* 65 B.R. 169 (Bankr.N.D.Tex.1986); *In re Speck,* 50 B.R. 307 (Bankr.D.S.D.1985), *aff'd, Speck v. First Nat. Bank of Sioux Falls,* 62 B.R. 61 (D.S.D.1985); *In re*

---

**2.** Ms. Spring notes in her brief that a mediation release was issued by the Iowa/Farmer/Creditor Mediation Service on March 13, 1987 authorizing the creditor to initiate a proceeding to forfeit the contract at issue.

*McCallen,* 49 B.R. 948 (Bankr.Or.1985); *In re Anderson,* 36 B.R. 120 (Bankr.D. Hawaii 1983). Other courts have concluded that land contracts are not executory contracts, but are security devices similar to mortgages. *See, In re Rehbein,* 60 B.R. 436 (9th Cir.BAP 1986); *In re Bertelsen,* 65 B.R. 654 (Bankr.C.D.Ill.1986); *In re Britton,* 43 B.R. 605 (Bankr.E.D.Mich.1984); *In re Adolphsen,* 38 B.R. 776 (Bankr.D.Minn. 1983), *aff'd* 38 B.R. 780 (D.Minn.1983); *In re Booth,* 19 B.R. 53 (Bankr.D. Utah 1982).

In this circuit the analysis begins with the decision of *In re Speck,* 798 F.2d 279, 280 (8th Cir.1986), wherein the Eighth Circuit noted its adoption of the Countryman definition of an executory contract in *In re Knutson,* 563 F.2d 916, 917 (8th Cir.1977). In *Speck* the Eighth Circuit held that under South Dakota law a contract for deed is an executory contract that must be assumed or rejected pursuant to 11 U.S.C. section 365. The court considered cases holding that a contract for deed should be deemed a secured debt but deferred to the South Dakota U.S. District Court's interpretation of South Dakota law.

The U.S. District Court for the Southern District of Iowa has not interpreted the relevant state law in a written decision. The U.S. District Court for the Northern District of Iowa, however, has ruled that under Iowa law real estate contracts are executory contracts within the meaning of Professor Countryman's definition. *See In re Hill,* No. C86–115, unpublished op. (N.D. Iowa, Jan. 14, 1987).[3] Judge David R. Hansen stated in *Hill:*

> For purposes of Iowa real estate law, contracts for the sale of real estate, under which the vendee becomes the equitable owner of the real estate and the vendor retains legal title as security for the balance of the purchase price, have long been viewed as security agreements. *See Harrington v. Feddersen*

[208 Iowa 564] 226 N.W. 110, 111 (Iowa 1929). The Supreme Court of Iowa has repeatedly held to this view. *See Fellmer v. Gruber,* 261 N.W.2d 173, 174 (Iowa 1978); *H.L. Munn Lumber Co. v. City of Ames,* 176 N.W.2d 813, 816, 817 (Iowa 1970); *Junkin v. McClain* [221 Iowa 1084] 265 N.W. 362, 365 (Iowa 1936); *Hatch v. Commerce Ins. Co.* [216 Iowa 860] 249 N.W. 164, 165 (Iowa 1933); *Lake v. Bernstein,* 239 N.W. 19, 20 (Iowa 1931). However, applying Professor Countryman's definition to Iowa real estate contracts, it is clear that the obligation of the real estate vendor to deliver legal title to the vendee upon final payment would be excused by the vendee's failure to complete the contract payments. *Lake v. Bernstein,* 239 N.W. at 20 (if purchaser abandons the contract, vendor may rescind). Although in Iowa a real estate contract of this type enables the vendor to be secured until final payment is made, it is still an executory contract under Countryman's definition since "... the failure of either to complete performance would constitute a material breach excusing performance of the other."

*Id.* at p. 2–3. The District Court's observation that Iowa law has long held that real estate contracts are security agreements arguably might have dictated a different result under the *Speck* decision. Yet, the subsequent comment about the *Lake* finding suggests that state law may be unsettled at this juncture in the development of commercial, contract and real estate law.[4] Certainly, it is beyond dispute that a land contract, like a mortgage, serves as a security device used for the purchase of real estate. However, fundamental differences exist between these two instruments warranting disparate treatment under the Bankruptcy Code. *See generally, Comment,* 64 Iowa L.Rev. 158 (1978).

---

3. The bankruptcy court order appealed from and affirmed in *Hill* was authored by U.S. Bankruptcy Judge Robert J. Kressel who also wrote *In re Adolphsen,* 38 B.R. 776 (Bankr.D.Minn. 1983) which held that under Minnesota law a debtor-vendee's interest in a contract for deed is not executory.

4. Iowa Code Chapter 684A (Questions Of Law In Supreme Court Certified) does not appear to provide for direct certification by a U.S. bankruptcy court.

The South Dakota law under consideration in *Speck* is not significantly different from Iowa law regarding real estate contracts.[5] Under South Dakota law "the right of the vendor to receive payment and the right of the vendee to take merchantable title upon completion of those payments are dependent covenants." *Walsh v. Bellamy*, 68 S.D. 291, 294, 2 N.W.2d 102, 103 (1942). The failure of either party to perform is a material breach excusing the other's performance. *Speck v. First Nat. Bank of Sioux Falls*, 62 B.R. 61, 61–62 (D.S.D.1985).

Under Iowa law the obligations of the vendor and the vendee are likewise dependent covenants. It is well settled that a vendee cannot be heard to complain of a defect in the vendor's title prior to the time he is entitled to performance under the contract. *Wemer v. Long*, 185 N.W.2d 243, 247 (Iowa 1971). The title which a vendor must furnish under a contract for the sale of land need only be good title as of the date when it is required by the contract—when payment is completed. *Warren v. Yocum*, 223 N.W.2d 258, 261–62 (Iowa 1974). Moreover, the obligation of the vendor to deliver title to the vendee upon final payment will be excused by the vendee's failure to complete the contract payments. *Lake v. Bernstein*, 239 N.W. 19, 20 (1931). Thus, like South Dakota law and as noted by the U.S. District Court for the Northern District of Iowa, a real estate contract under Iowa law falls squarely within Countryman's definition of an executory contract because "the failure of either to complete performance would constitute a material breach excusing performance of the other." *In re Hill*, No. C86–0115, unpublished op. at 3.

In addition to the argument that the real estate contract at issue is not an executory contract, the debtor notes that the warranty deed to be delivered pursuant to the contract had been placed in the hands of an escrow agent and therefore no performance remained due on the part of the vendor. Some courts have held that the contract is no longer executory when a deed has been placed in escrow. *See In re Rehbein*, 60 B.R. 436, 440–41 (9th Cir.BAP 1986); *In re Cox*, 28 B.R. 588, 590 (Bankr. D.Idaho 1983). Other courts and commentators have held that a seller placing the deed for land in escrow for delivery to the purchaser upon completion of payment does not constitute full performance by the seller so as to render the contract non-executory. *See Shaw v. Dawson*, 48 B.R. 857, 861 (D.N.M.1985); *In re Waldron*, 65 B.R. 169, 172 (Bankr.N.D.Tex.1986); Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 469–70 (1973). This court agrees with the latter authorities. The mere placement of the formal documents necessary to effect a transfer of title does not alter the result where the vendee is not entitled to have the transfer effected until payments are completed.

Finally, with respect to the equities of the case, this court responds with the language used by the bankruptcy court for the District of South Dakota:

> Although it would undoubtedly be easier from a reorganization standpoint to allow the debtors to treat a contract for deed as an ordinary security device, that was clearly not the intention of the parties at the time of the making of the contracts and to so hold now would be contrary to the intent of Congress under the Bankruptcy Code and would fly in the face of generations who have bought and sold land in this manner. The contract for deed is one of the few alternatives to commercial financing available, and it is especially well-suited to the realities of agricultural land sales. To those who have always relied upon the intrinsic value of the land, holding the deed is more than a ministerial act, it is the ultimate

---

5. Both South Dakota and Iowa statutes treat mortgages and contracts for deed differently. *Compare* S.D.CL Chs. 43–26, 21–50 and S.D.CL Chs. 21–47; 21–48 with Iowa Code Ch. 656 and Ch. 654. For a thorough discussion distinguishing South Dakota and North Dakota statutes *see* *In re Faiman*, 70 B.R. 74 (Bankr.D.N.D.1987) (finding that North Dakota laws grant contract vendors and vendees similar rights and remedies to those of mortgagors and mortgagees and therefore land contracts are not executory for purposes of 11 U.S.C. section 365.)

protection. This Court can view it in no other way.

*In re Speck,* 50 B.R. 307, 308–09 (Bankr.D. S.D.1985).

### ORDER

WHEREFORE, based upon the foregoing analysis, the court finds that under Iowa law a contract for the sale of real estate is an executory contract and must be assumed or rejected by the debtor according to the requirements of the Bankruptcy Code.

THEREFORE, the motion to compel debtor to assume or reject executory contract filed on behalf of Maurine Helena Spring is hereby granted and the debtor is ordered to assume or reject the contract within 20 days.

IT IS FURTHER ORDERED that the debtor shall submit an amended plan within 10 days after an assumption or rejection of the contract.