The Honorable Jimmy "Red" Milligan State Representative P.O. Box 68 Yellville, AR 72687-0068
Dear Representative Milligan:
I am writing in response to your request for my opinion on the following question:
 Can the quorum court enact an ordinance requiring the sellers of land, be it an individual or real estate company, on a "contract for deed" to record said contract or any part thereof in the county clerk's office? Would this run afoul of the statute of frauds?
RESPONSE
In my opinion, the quorum court lacks the authority to enact an ordinance of the sort described in your request, since doing so would change state law regarding the legal significance of an unrecorded instrument of conveyance. With respect to your second question, I do not believe enactment of the ordinance would in any way implicate the statute of frauds, which simply provides that a conveyance of real property must be memorialized in writing.
Black's Law Dictionary (7th ed. 1999) defines the term "contract for deed" as follows:
 A conditional sales contract for the sale of real property. — Also termed installment land contract; land sales contract; land contract.
In In re Jones, 54 B.R. 697, 698 (Bankr. E.D. Ark. 1985), the court distinguished as follows among a "contract for deed" and other available means of financing a land purchase:
 In Arkansas, as in most states, there are several alternative methods of financing the sale of real property. The most common method is when the purchaser receives and records a deed from the seller and executes a mortgage or deed of trust in return to secure the remaining unpaid purchase price. A second alternative is an escrow contract which involves the seller's execution of a deed which is placed with an escrow agent. The purchaser pays the balance of the purchase price to the escrow agent and upon payment in full, the escrow agent delivers the deed to the purchaser. A third alternative is a contract for deed which provides that the seller is not obliged to execute or deliver the deed until the purchase price is paid in full. In the latter two examples the contracts typically provide that if the buyer defaults, any monies already paid will be considered liquidated damages or rent and that default in the payment when due constitutes a breach which excuses performance by the seller and renders the contract void. Escrow contracts generally provide for the return of the deed to the seller by the escrow agent upon default by the purchaser. In all three examples the purchaser takes possession of the premises at the time of the execution of the contract or deed and is liable for the payment of all taxes and insurance during the life of the contract or mortgage.
The court further remarked that "[u]nder state law, . . . the effect of a contract for a deed is to create a mortgage in favor of the seller and vest equitable title in the purchaser. Judd v. Rieff, 174 Ark. 362,295 S.W. 370 (1927); Gunter v. Ludlam, 155 Ark. 201, 244 S.W. 348 (1922)."54 B.R. at 699.
You have asked whether the county, acting through the quorum court, might require that a seller of land record a contract for deed in whole or in part. Amendment 55, § 1(a) of the Arkansas Constitution provides that counties, acting through their quorum courts, may "exercise local legislative authority not denied by the Constitution or by law." Accord
A.C.A. § 14-14-801(a) (echoing this language and further authorizing a county to "[p]rovide for any service or performance of any function relating to county affairs"). Amendment 55, § 4 of the Arkansas Constitution further states: "In addition to other powers conferred by the Constitution and by law, the Quorum Court shall have the power to . . . adopt ordinances necessary for the government of the county." In addition, A.C.A. § 14-14-802 provides in pertinent part:
 (a) A county government, acting through the quorum court, shall provide, through ordinance, for the following necessary services for its citizens:
* * *
 (4) Court and public records management, as provided by law, including registration, recording, and custody of public records.
Complementing the above grants of limited authority, the law expressly prohibits counties from undertaking certain actions. For instance, Ark. Const. amend. 55, § 1(b) provides that "[n]o county may declare any act a felony or exercise any authority not relating to county affairs." Section14-14-805 of the Code further provides in pertinent part:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
 (1) Any legislative act that applies to or affects any private or civil relationship, except as an incident to the exercise of local legislative authority;
* * *
(13) Any legislative act contrary to the general laws of the state.
Section 14-14-809 of the Code further imposes the following limitations on a county's exercise of regulatory powers concurrently with the state:
 (a) If a county government is authorized to regulate an area which the state by statute or administrative regulation also regulates, the local government may regulate the area only by enacting ordinances which are consistent with state law or administrative regulation.
 (b) If state statute or administrative regulation prescribes a single standard of conduct, an ordinance is consistent if it is identical to the state statute or administrative regulation.
 (c) If state statute or administrative regulation prescribes a minimal standard of conduct, an ordinance is consistent if it establishes a standard which is the same as, or higher or more stringent than the state standard.
 (d) A county government may adopt ordinances which incorporate by reference state statutes and administrative regulations in areas in which a local government is authorized to act.
The Arkansas Supreme Court has held that where state regulation is so pervasive as to support an inference that the state has left no room for supplemental legislation, local provisions in the same field are prohibited. See Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980). The Arkansas Code is quite thorough in addressing the recording of documents relating to the conveyance of real estate. Section 13-4-305 of the Code provides in pertinent part:
 All counties of the State of Arkansas shall maintain county recorder's records for the county as follows, if they are currently being maintained:
(1) Maintain permanently:
(A) Deeds, mortgages, assignments, and all other conveyance records.
Section 14-15-402(a) of the Code further provides:
 It shall be the duty of each recorder to record, in the books provided for his office, all deeds, mortgages, conveyances, deeds of trust, bonds, covenants, defeasances, or other instruments of writing of or concerning any lands and tenements or goods and chattels, which shall be proved or acknowledged according to law, that are authorized to be recorded in his office.
Section 14-15-407 elaborates on this duty as follows:
 Each recorder shall, without delay, record every deed, mortgage, conveyance, deed of trust, bond, or other writing delivered to him for record, with the acknowledgment, proofs, and certificates written on or attached to the writing, and all other papers therein referred to and annexed thereto, in the order, and as of the time when, the writing has been delivered for record.
Section 18-12-209(a) provides:
 Every deed or instrument in writing which conveys or affects real estate and which is acknowledged or proved and certified as prescribed by this act may, together with the certificate of acknowledgment, proof, or relinquishment of dower, be recorded by the recorder of the county where such land to be conveyed or affected thereby is located, and when so recorded may be read in evidence in any court in this state without further proof of execution.
With respect to the legal effect of filing a record of conveyance, A.C.A. § 14-15-404 provides:
 (a) Every deed, bond, or instrument of writing affecting the title, in law or equity, to any real or personal property, within this state which is, or may be, required by law to be acknowledged or proved and recorded shall be constructive notice to all persons from the time the instrument is filed for record in the office of the recorder of the proper county.
 (b) No deed, bond, or instrument of writing for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, made or executed after December 21, 1846, shall be good or valid against a subsequent purchaser of the real estate for a valuable consideration without actual notice thereof or against any creditor of the person executing such an instrument obtaining a judgment or decree which by law may be a lien upon the real estate unless the deed, bond, or instrument, duly executed and acknowledged or proved as required by law, is filed for record in the office of the clerk and ex officio recorder of the county where the real estate is situated.
Section 14-15-403 sets forth the formal requirements for documents to be recorded but notes that a recorded instrument that fails to comply with these requirements will nevertheless serve as notice as provided by law.
Although the above statutes establish that a recorder must accept for filing any land-conveyance record that accords with statutory formalities, they do not obligate either of the parties to a conveyance of land to file a record of the conveyance with the recorder. Rather, in accordance with a widely accepted rule of property law, A.C.A. §14-15-404 simply provides that an unrecorded transaction will not be valid against a subsequent bona fide purchaser or a judgment creditor.See, e.g., Thomson v. U.S., 66 F.3d 160 (8th Cir. 1995) (holding that a conveyance of property under Minnesota law, which essentially tracks Arkansas law with respect to the effect of recording, was valid notwithstanding the fact that the transferring tax-debtor had not recorded his own contract-for-deed interest in the property).[1]
As I understand your question, the county ordinance at issue would have the effect of invalidating any conveyance of property by contract for deed unless the contract were filed of record. As the foregoing should establish, any such ordinance would conflict with state law, which expressly acknowledges the validity of an unrecorded conveyance of real property with respect to anyone other than a bona-fide purchaser or a judgment creditor. In my opinion, then, the proposed ordinance would violate A.C.A. § 14-14-805(13), which prohibits local legislation that conflicts with state law.
Finally, I do not believe adoption of the proposed ordinance would in any way implicate the statute of frauds, A.C.A. § 4-59-110 (Repl. 2001), which provides in pertinent part:
 (a) Unless the agreement, promise, or contract, or some memorandum or note thereof, upon which an action is brought is made in writing and signed by the party to be charged therewith, or signed by some other person properly authorized by the person sought to be charged, no action shall be brought to charge any:
* * *
 (4) Person, upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them.
This statute only provides that no conveyance of land can be enforced unless it is memorialized by a written instrument. In my opinion, it has no bearing on the separate question of whether that written instrument must further be recorded in order to be enforceable under a particular set of circumstances. As noted above, pursuant to different statutory provisions, an unrecorded conveyance may be valid with respect to certain individuals but not with respect to others such as good-faith purchasers or judgment creditors. See also A.C.A. § 16-65-116 (1987) (providing that a judicial decree of conveyance must be recorded within one year of its issuance or else be void as to all subsequent purchasers without notice).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
J. LEON JOHNSON Attorney General
JLJ:JD/cyh
[1] In contrast, some recording statutes condition the passing of title upon recording the instrument of conveyance. As the court noted inThomson:
 Some recording statutes, like the one at issue in United States v. Hole, No. 75-1770-MA, 1980 WL 1555 (D.Mass. Mar. 31, 1980), provide that a conveyance has no effect" in passing title" until recorded. Under that type of statute, the transferor seemingly retains an interest to which the § 6321 [tax] lien may attach. On the other hand, if a State's recording act only makes an unrecorded transfer void or voidable as against subsequent judgment creditors or bona fide purchasers, the transferor retains no post-transfer interest.
66 F.3d at 163.