The Honorable Bill Stovall, III State Representative 2324 Heber Springs Road West Quitman, AR 72131-9426
Dear Representative Stovall:
I am writing in response to your request for my opinion on the following question, which you report involves the application of A.C.A. § 26-35-601:
 When an individual is purchasing real estate on land contract (the assessor's records show the contract is recorded but the property remains in the seller[']s name listed in care of the individual buying the property and the buyer is responsible for paying the taxes)[,] does a collector have the authority to require the individual who is purchasing the property on land contract [to] pay the personal property at the same time he or she pays the real estate tax?
RESPONSE
It is unclear from your question whether you are asking if the installment land purchaser should pay the seller's personal property tax at the time he pays the real property tax or, alternatively, whether the buyer should pay his own personal property tax when he pays the real property tax. In any event, I believe only the latter requirement applies under the circumstances you have described.
The term "land contract" is interchangeable with the term "contract for deed," which BLACK'S LAW DICTIONARY (8th ed. 2004) defines as follows:
 A conditional sales contract for the sale of real property. — Also termed installment land contract; land sales contract; land contract.
In In re Jones, 54 B.R. 697, 698 (Bankr.E.D.Ark. 1985), the court distinguished as follows among a "contract for deed" and other available means of financing a land purchase:
 In Arkansas, as in most states, there are several alternative methods of financing the sale of real property. The most common method is when the purchaser receives and records a deed from the seller and executes a mortgage or deed of trust in return to secure the remaining unpaid purchase price. A second alternative is an escrow contract which involves the seller's execution of a deed which is placed with an escrow agent. The purchaser pays the balance of the purchase price to the escrow agent and upon payment in full, the escrow agent delivers the deed to the purchaser. A third alternative is a contract for deed which provides that the seller is not obliged to execute or deliver the deed until the purchase price is paid in full. In the latter two examples the contracts typically provide that if the buyer defaults, any monies already paid will be considered liquidated damages or rent and that default in the payment when due constitutes a breach which excuses performance by the seller and renders the contract void. Escrow contracts generally provide for the return of the deed to the seller by the escrow agent upon default by the purchaser. In all three examples the purchaser takes possession of the premises at the time of the execution of the contract or deed and is liable for the payment of all taxes and insurance during the life of the contract or mortgage.
(Emphasis added.) The court further remarked that "[u]nder state law, . . . the effect of a contract for a deed is to create a mortgage in favor of the seller and vest equitable title in the purchaser. Judd v. Rieff, 174 Ark. 362, 295 S.W. 370 (1927);Gunter v. Ludlam, 155 Ark. 201, 244 S.W. 348 (1922)."54 B.R. at 699.
The highlighted passage in the above excerpt is consistent with the arrangement you have described in your question. A situation of the sort described directly implicates the terms of A.C.A. §26-35-601(a) (Supp. 2005), which provides:
 All collectors in this state shall be charged with the responsibility of collecting personal property taxes shown to be due by the taxpayer as reflected by the records in the collector's office at the time the taxpayer pays the general taxes due on real estate.
(Emphasis added.) Under the circumstances as you have described them, the installment land purchaser is "the taxpayer" as reflected in the duly recorded contract for deed,[1] thus triggering application of the statute just quoted only as to him. Although the seller may retain legal title to the property until it is paid off in full, the buyer is the equitable owner of the property, who is obligated as "the taxpayer" pursuant to documents on file with the county. Accordingly, I believe a collector is obligated to collect the installment purchaser's personal property taxes, not the installment seller's personal property taxes, at the time he collects the real estate taxes.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] For a discussion of the implications of recording a contract for deed, see Ark. Op. Att'y Gen. No. 2002-350.