STATE OF TENNESSEE *ex rel.*, COMPLAINANT, APPELLANT, *v.*
R. B. GOOCH, DEFENDANT, APPELLEE.

(*Jackson*, April Term, 1932.)

Opinion filed July 23, 1932.

Opinion upon petition to rehear filed Dec. 17, 1932.

L. D. SMITH, Attorney-General, W. H. EAGLE, Assistant
Attorney-General and EWING & EWING, for complainant,
appellant.

98

Hu C. Anderson and Jere I. Galbraith, *Amici Curiae.*

M. E. Lee, for defendant, appellee.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed by the State upon relation of J. I. Reece, Commissioner of Insurance, against R. B. Gooch, alleged to be doing business under the trade name of Mc-Nairy County Burial Association. The object was to enjoin Gooch from operating an insurance business in violation of the regulatory statutes of the State. The chancellor sustained defendant's demurrer and dismissed the bill. The complainant appealed and insists that the chancellor erred because it is shown by the bill that the defendant Gooch was carrying on a life insurance business for premiums paid on assessments made at the death of members, without a certificate authorizing him to carry on such business.

The facts disclosed in the bill and exhibits are fairly stated in the brief filed on behalf of the State. We, however, make the statement from the bill and exhibits. It appears from these that Gooch, an undertaker at Selmer, promoted the organization of the McNairy County Burial Association, a voluntary association entitling each member upon death to a burial benefit of not exceeding a hundred dollars.

While it is charged in the bill that Gooch, individually, is carrying on the business in the firm name of the McNairy County Burial Association, and he is the only party defendant, Exhibit No. 1, the application for membership; Exhibit No. 2, the certificate of membership, and Exhibit No. 3, the rules and by-laws of the association, all of which are made a part of the bill, show that the McNairy

County Burial Association is a voluntary association of the members who entered into the agreement as a means of assuring burial service to members at death.

The agreement provided for a burial benefit of a hundred dollars to members over twelve years of age; sixty dollars to members between six and twelve years of age, and forty dollars to members under six years of age. These benefits accrued from an assessment of twenty-five cents against each member over twelve years of age; fifteen cents against each member between six and twelve years of age, and ten cents against each member under six years of age.

Under the by-laws these payments were to be made upon notice to the members of the death of a member. While the by-laws designate Gooch as the secretary and treasurer and the official head of the association, he is not the association. It consists of its members who, at the solicitation of Gooch, formed themselves, by agreement in writing, into a voluntary association. In doing so they exercised their common-law right of contract. See 5 C. J., pp. 1335-41.

The association was not designed to issue life and casualty insurance upon the assessment plan and is not therefore regulated by Article II, sec. 6212, and subsequent sections of the Code of 1932.

The exhibits to the bill, showing its purpose and operation, brings it more nearly within the provisions of Article IX, enacted to regulate fraternal benefit societies. The first section of this Article, section 6357, provides:

"Any corporation, society, order or voluntary association without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries and not for profit, and having a lodge system

with ritualistic form of work and representative form of government, and which shall make provision for the payment of benefits in accordance with section 6361, is declared to be a 'Fraterial Benefit Society.' ''

Having no lodge system with ritualistic form of work, the McNairy County Burial Association does not fall within the class indicated by the above section. This and no other statute to which we have been referred applies to associations with benefits limited to one hundred dollars or less, all of which are excepted and excluded from regulation by section 6421, Code of 1932, which reads:

''Nothing contained in this article shall be construed to affect or apply to . . . domestic societies which limit their membership to the employees of a particular city or town, designated firm, business house, or corporation, nor to domestic lodges, orders or associations of a purely religious, charitable, and benevolent description, which do not provide for a death benefit of more than one hundred dollars.''

The showing in the bill and exhibits is that people in the section around Selmer, McNairy County, associated themselves together under a promise that the association should provide through assessments against each member the sum of not more than one hundred dollars, as a death benefit to each member. This brings the society within the saving provision of section 6421 and exempts it from regulation by the Insurance Department. The regulatory statutes now in force are Article I, of the Code of 1932, defining and regulating nonassessment life insurance companies, and Article II, of the Code of 1932, regulating and incorporating casualty insurance companies operating on the assessment plan. Neither of these

Articles is broad enough to include the defendant association.

The decree of the chancellor is affirmed.

## On Petition to Rehear.

It is urged through the petition for rehearing that the association does not fall within the saving provision of section 6421, Code of 1932, because it is not of a purely religious, charitable, and benevolent description.

The section referred to excludes from the regulatory provisions of the Code (1) domestic lodges or orders of a purely religious, charitable, and benevolent description, or (2) associations of a purely religious, charitable, and benevolent description, which do not provide for a death benefit of more than $100.00.

The purpose of the McNairy County Burial Association was to provide a benefit of not exceeding $100.00 for the burial of its members at death, and by that means relieve the public of a possible burial charge and relieve families in particular cases of the humiliation of seeing their kindred or neighbors classified and buried as paupers. Such an object brings this association clearly with in the provision of the Code excluding benevolent societies as stated in the opinion heretofore filed.

Rehearing denied.