HERNDON *v.* WASSON.

4-3308

Opinion delivered December 4, 1933.

C. M. *Walser*, for appellant.

*Hal L. Norwood*, Attorney General, and *Will G. Akers*, O. T. *Ward*, *amici curiae*, for appellee.

McHANEY, J. Appellants, Herndon and Cornelius, have organized a voluntary association for the purpose of furnishing burial benefits to those who may become members of such association, and who conform to the by-laws, rules and regulations thereof. They applied to the Securities Division of the State Bank Department for a permit to sell certificates of membership in the association under the authority of § 5 of act 264, Acts of 1933, p. 820. The application for a permit was refused because the department was of the opinion that appellants proposed to engage in the life insurance business, and that they should first comply with the insurance laws and obtain authority from the Commissioner of Insurance, before the bank department would be authorized by law to issue a permit to sell its membership certificates. Appellants then brought mandamus to compel the Commissioner to proceed according to law in respect of said application, alleging that it was not an insurance association, and that the insurance laws have no application. The circuit court denied the writ, and this appeal followed.

We are of the opinion that the circuit court erred in refusing to award the writ. Section 5 of said act 264 provides that an association, such as appellants propose to operate, "is hereby declared to be an investment company, and shall be required to submit an application, pay

a similar fee, and obtain a permit from the Securities Division of the Bank Commissioner in the manner as now provided by law of other investment companies, and shall be required,'' etc. Act 264 deals wholly with investment companies. No mention is made of insurance companies or associations. While no doubt, the Legislature has the power to classify such associations as appellants' to be insurance companies, neither act 264 nor any other act, with which we are familiar, has done so. It is contended by appellee that appellants come within the purview of act 139 of 1925, relating to assessment, life, health and accident insurance associations, but we cannot agree that such is the fact. Burial associations are not included by name, and a careful reading of said act shows they were not contemplated. The business of such associations does not come therefore under the jurisdiction of the Insurance Commissioner, especially in view of § 5 of act 264, Acts of 1933. See *State ex rel. Reece* v. *Gooch,* 165 Tenn. 97, 52 S. W. (2d) 143. It was there held that such associations do not come under the juris-. diction of the insurance commissioner of Tennessee under insurance laws quite similar to ours.

We do not pass upon the merits or demerits of the plan of the association, whether the plan is good or bad, as that is a matter for the consideration of the Bank Commissioner. We do hold, however, that the Commissioner should consider the application for a permit without regard to the insurance laws of the State. The judgment will be reversed, and the cause remanded with directions to award the writ as prayed.