ANDERSON v. FRANK REID BURIAL ASSOCIATION, INC.

4-9492                                                   239 S. W. 2d 12

Opinion delivered April 30, 1951.

Rehearing denied May 28, 1951.

*Phillip H. Loh, III,* for appellant.

*Gordon & Gordon,* for appellee.

GEORGE ROSE SMITH, J. This is a suit brought by the appellant to recover judgment for $300, the complaint alleging that the defendant burial association had contracted to contribute that sum toward funeral expenses incident to the burial of appellant's father. The association denied liability upon the ground that

appellant's membership in the organization had lapsed as a result of her failure to pay quarterly assessments. The circuit court, sitting without a jury, entered judgment for the defendant.

Most of the facts are undisputed. The appellant joined the burial association in 1935, receiving a certificate of membership that entitled her to burial benefits of $300 upon the death of her father or other member of her family. The by-laws, which are made a part of the contract, require the members to pay such assessments as are levied by the association. If a membership lapses for failure to pay an assessment the member is required by the by-laws to sign a certificate of good health in order to rejoin the association.

The record indicates that the appellant paid all assessments through the year 1946. She paid none of the four assessments that were levied in 1947. In 1948 she made a payment in February, which the association accepted without requiring a certificate of good health. The next two assessments, due within fifteen days after June 1 and September 1 respectively, were not paid. The appellant mailed the payment that was due on December 1, the association issuing its receipt on December 6. The appellant's father died five days later, on December 11. The association denied liability because the certificate of good health had not been submitted.

The trial court, in finding for the defendant, held that the appellant's father had the affirmative duty of forwarding the necessary certificate. The court reasoned that the association was entitled to hold the December payment while awaiting the requisite proof of good health, although it is admitted that the receipt was forwarded to the appellant without any request for such proof. The court concluded that for want of the necessary certificate the appellant's membership had not been reinstated.

We are unable to agree with the view that the association was entitled to hold the payment without notifying the appellant that proof of good health would be

insisted upon. It is true that by statute burial associations are investment companies rather than insurance companies, *Herndon* v. *Wasson,* 188 Ark. 329, 66 S. W. 2d 633, but the contract itself is so similar to an insurance policy that the principles governing such policies are applicable. A requirement that proof of good health be made as a condition to the reinstatement of an insurance policy is for the benefit of the insurer and may be waived by it. McEwen, ''Reinstatement of Life Insurance Policies in Arkansas,'' 2 Ark. L. Rev. 105. If there were no question of fraud in this case the association would be liable upon the ground that its acceptance of the December payment was a waiver of the certificate of good health.

There is, however, an issue of fraud that has not been decided by the trial court. We have said that ''the mere fact of making application for reinstatement without disclosing the illness of the member is itself an implied statement that he is in good health.'' *Modern Woodmen of America* v. *Seargeant,* 188 Ark. 1098, 69 S. W. 2d 397. In the absence of an incontestable clause an insurer may cancel a policy for the insured's fraud in obtaining reinstatement. *Pacific Mut. Life Ins. Co.* v. *Butler,* 190 Ark. 282, 78 S. W. 2d 813. Here the by-laws contain nothing in the nature of an incontestable clause.

The appellant's conduct in forwarding the December payment was an implied representation of good health, but it was not necessarily fraudulent. A representation that the insured believes to be true does not avoid the policy. *Aetna Life Ins. Co.* v. *Mahaffy,* 215 Ark. 892, 224 S. W. 2d 21. The appellant testified that her father had not been in good health for about a year prior to his death, but the evidence does not indicate whether the appellant was aware of the seriousness of his condition. The physician's death certificate recites that the immediate cause of death was of only three days' duration. Since it is not our place to decide such controverted issues in the first instance the judgment must be reversed and the cause remanded for a new trial.