TRIPLETT v. DAVIS.

5-3430 385 S. W. 2d 33

Opinion delivered December 21, 1964.

*Coleman, Gantt, Ramsay & Cox* and *William C. Bridgforth,* for appellant.

*Levine & Williams,* for appellee.

FRANK HOLT, Associate Justice. This litigation results from the forfeiture of a land contract. The Chancellor's decree required the appellant to convey the lands in question to the appellee, Martha McCoy. On appeal the question presented is whether the appellant waived his right to enforce the forfeiture provision in the contract.

In 1954 appellee, Martha McCoy, and her husband entered into a "Rental Contract and Option to Purchase" eighty acres from the appellant. Later appellee McCoy acquired her husband's interest. The contract was for a period of fifteen years providing for an annual rental payment of approximately $400.00 which diminished to about $200.00 upon the last payment. These annual payments, evidenced by notes, began January 9, 1955 and were to end January 9, 1969 at which time, upon payment of $1.00, appellant agreed to convey the property. Time of payment was made the essence of the contract.

The annual payments were promptly made for six years. The annual payment due on January 9, 1963 was not made and the appellant declared a forfeiture on February 11, 1963 by letter to the appellee, Martha McCoy. Her son and agent, appellee Floyd Davis who was farming the land, was given a similar notice. The appellees then offered to pay appellant the full balance due on the contract. The appellant refused, insisting on the forfeiture provision in the contract. The appellees contend that the appellant waived the forfeiture provision by his acts and conduct.

Forfeiture provisions are valid and enforceable in contracts for the sale of land. *White* v. *Page,* 216 Ark. 632, 226 S.W. 2d 973. However, forfeiture provisions may be waived by the acts and conduct of the parties. *Friar* v. *Baldridge,* 91 Ark. 133, 120 S.W. 989; *Berry* v. *Crawford,* 237 Ark. 380, 373 S.W. 2d 129.

In the case at bar the first delinquency occurred when the annual payment of $333.68 became due January 9, 1961. A payment of $139.68 was made on February 9, 1961, leaving a balance of $194.00. On December 18, 1961 the appellant wrote the appellees concerning this delinquent balance and, also, the 1962 annual payment of $318.16 coming due the following month. The pertinent part of the letter reads:

"This is formal notice to you that unless we receive payment in full of $586.06 on or before January 9, 1962, we will cancel your contract and you will forfeit all interest in the land.

\* \* \*

Bring us a check for $1,946.06 and we will issue you a deed to the property. If you do not do that, or at least pay the $588.06 due as of January 9th, 1962, we cannot go along with you further and will have to cancel the contract."

On the due date of January 9, 1962 no payment was made nor was a forfeiture declared. Three days later the bal-

ance of $194.00 due on the 1961 payment was paid to appellant. At the same time $130.10 was paid on the 1962 payment. The delinquent balance of $188.06 plus taxes and insurance was paid on March 7, 1962. The January 1963 payment of $302.64 plus taxes, insurance and interest was not paid when due and on the following February 11th appellant gave written notice of forfeiture. Appellant then refused payment of the full balance due on the contract contending he had orally warned appellees that no further extensions would be granted. Appellees denied this assertion.

It is a well-known equitable principle that equity abhors a forfeiture and will seize upon slight circumstances that indicate a waiver in order to prevent forfeiture. *Cordell* v. *Enis,* 162 Ark. 41, 257 S.W. 375; *Vernon* v. *McEntire,* 232 Ark. 741, 339 S.W. 2d 855; *Berry* v. *Crawford,* 237 Ark. 380, 373 S.W. 2d 129; 18 Ark. Law Rev. 175. The right of forfeiture can be a harsh remedy producing great hardships and, therefore, before a forfeiture is enforceable equity requires strict compliance with the important terms of the contract even where there is an express provision for forfeiture. *Williams* v. *Shaver,* 100 Ark. 565, 140 S.W. 740.

In the case at bar the purchase price was approximately $4,300.00 payable over a period of fifteen years in annual payments. Six of these payments were promptly met, plus the taxes and insurance, leaving a balance due of less than one-half of the purchase price when the forfeiture was declared. The appellant had indulged the appellee, Martha McCoy, in her requested extensions on the notes due in January 1961 and 1962 and failed to enforce a written notice given in December 1961 that a forfeiture would be declared for failure to pay the 1962 note promptly on the due date together with the delinquent balance. Instead, part payment was made three days after the due date and on March 7, 1962 the full delinquent balance was accepted making all payments current. Sometime before the January 1963 annual payment became due the appellant mailed to appellee McCoy

a routine notice of the amount due and payable. We agree with the Chancellor that these circumstances had the effect of lulling the appellee into an assurance of another extension before declaring a forfeiture. It cannot be said that the Chancellor's finding that the appellant had waived his express right of forfeiture is against the preponderance of the evidence.

The decree is affirmed.