Patsie HUMKE *v.* Horace TAYLOR and
Erma TAYLOR, His Wife

84-26                                          666 S.W.2d 394

Supreme Court of Arkansas
Opinion delivered March 26, 1984

*Lesly W. Mattingly*, for appellant.

No response filed by appellee.

GEORGE ROSE SMITH, Justice. This action in unlawful detainer was brought in the circuit court after the appellee Taylors, as the sellers of a mobile home and five-acre tract of land in Lonoke County, had elected to rescind the contract of sale and treat the appellant purchaser, Patsie Humke, as a tenant. The circuit judge refused to transfer the case to the chancery court. After a trial without a jury the court upheld the plaintiffs' right to rescind the contract, treated the defendant as a tenant, permitted the plaintiffs to retain all purchase-money payments as rent, and directed the defendant to surrender possession of the property.

For reversal the appellant argues principally that the case should have been transferred to chancery. The Court of Appeals certified the case to us under Rule 29 (4) (b), as involving an important question about circuit and chancery court jurisdiction in a case of this kind.

The printed form of Purchaser's Agreement recited a purchase price of $11,000, payable at $137 a month with initial extra payments for a "down payment," and was signed by the sellers and by Mrs. Humke and her husband on January 23, 1976. The agreement contained this provision on which the sellers are relying:

Time is the essence of this Agreement, and if Buyer defaults in the payment of any installment of principal and interest for a period of 30 days, or fails to pay any taxes, assessments or insurance premiums when due, Seller, at its option, may either declare the entire debt with interest due and payable, or rescind this Agreement, and in the event of rescission all moneys paid by Buyer shall be taken and retained by Seller, not as penalty, but as rent of the property and the relation of the parties thereafter shall be that of landlord and tenant at the rental of $137.00 per month; and thereupon Seller, after notice, may demand possession of the property, and Buyer agrees to surrender immediately peaceable possession.

In March, 1982, the sellers elected to exercise their option to rescind, so notified Mrs. Humke, whose husband had moved off the property, and brought this action in unlawful detainer to recover possession and rent at the rate of $137 a month from July 2, 1981 until the defendant vacates the property. The defendant filed a counterclaim asserting that all the principal debt except $2,000 had been paid, that she was the equitable owner, that a forfeiture would cause her irreparable damage and unjustly enrich the plaintiffs, and that the case should be transferred to equity.

The circuit judge denied the motion to transfer and heard the case on its merits. Both the plaintiff Horace Taylor, who lives in Chicago, and his sister, who lives near Austin in Lonoke County, testified that they had visited the Humkes from time to time in an effort to persuade them to make their payments promptly, but their efforts had failed. Taylor's testimony was typical:

I went over there several times. Almost every time I would come home from Illinois I would go over and talk to them to see, would pick up their payments or whatever. They would always give me some kind of excuse. We will get some money. Maybe they would make a couple of pretty good payments, and after I got back home, that was it.

At the beginning of the trial the defense again moved for a transfer. The circuit judge denied the motion, for the reason that an unlawful-detainer action properly lies in circuit court. The testimony at the trial was in dispute about the amount of the defendant's equity in the property, which was at least $6,000, and about the amount, if any, that she was in default. At the close of the plaintiffs' case the defense for a third time moved for a transfer, which was denied.

The trial judge, still treating the action as one in unlawful detainer, found generally that the defendant had been in default in performing the agreement, without specifying in what respect except that she had not paid the property taxes (which appear to have been $4.03) and had not shown the sellers as loss payess in the insurance policy (an omission that had caused no loss to anyone). Final judgment was accordingly entered for the plaintiffs.

We have many cases holding that "a purchaser's rights under an executory contract affecting real estate may be forfeited pursuant to the contract and without proceedings in law or equity." *White* v. *Page*, 216 Ark. 632, 226 S.W.2d 973 (1950), where we discussed five of our earlier cases and concluded that the forfeiture should be enforced in that case. That case, like nearly all of our pertinent cases, was tried in chancery.

None of our decisions has held that a provision such as the one in the present Purchaser's Agreement is unconscionable or unenforceable. On the other hand, a court of equity invariably avoids a harsh forfeiture if there is any basis for doing so. In fact, the *White* case is one of only a few

which have permitted a forfeiture.

We conclude that the appellees' complaint in unlawful detainer did state a cause of action in circuit court. Hence the trial court's refusal to transfer the case to equity might be sustainable if no facts had been shown as a basis for a chancery court to avoid the forfeiture. But ample grounds appeared in the proof, even in the plaintiffs' own testimony. The sellers never insisted upon strict compliance with the terms of the agreement and instead accepted delinquent payments over a period of six years. In those circumstances equity will not permit them suddenly to change their attitude and abruptly seek to rescind the contract. *Triplett* v. *Davis*, 238 Ark. 870, 385 S.W.2d 33 (1964), where we discussed the law in some detail. Hence the motion to transfer should certainly have been granted when it was renewed at the close of the plaintiffs' proof.

Reversed, the case to be transferred to the chancery court.