GREGG BURIAL ASSOCIATION *v.* Billy Joe
EMERSON d/b/a EMERSON & SON
FUNERAL HOME

85-320                                      709 S.W.2d 401

Supreme Court of Arkansas
Opinion delivered May 12, 1986

*Barrett, Wheatley, Smith & Deacon*, for appellant.

*Bradley & Coleman*, for appellee.

STEELE HAYS, Justice. Appellee Billy Joe Emerson, doing business as Emerson & Son Funeral Home, brought this action against Gregg Burial Association to recover either merchandise and services or the face value of benefits due under burial policies (entitled Certificate of Membership) issued by Gregg to six decedents to whom Emerson had rendered burial services. Two of the six policies were for $300 and four for $500.

Emerson gave credit in the amounts provided in the policies against the overall cost of each funeral and took an assignment of benefits due under each policy. Gregg denied liability, contending any benefits which might have been due were forfeited.

Emerson and Gregg stipulated that timely notice of the death of the decedents was given Gregg in accordance with each policy and that Emerson was notified that benefits would be forfeited if Emerson was employed as servicing funeral director. The parties also stipulated that each decedent lived within a radius serviced by the funeral director customarily employed by Gregg, and that the bylaws of Gregg provided that funeral services and supplies would be furnished by the funeral home designated by Gregg.

Relying on the case of *Drummond Citizens Insurance Company and Roller Funeral Home* v. *Chester Sergeant, Executor*, 266 Ark. 611, 588 S.W.2d 419 (1979), the trial court awarded judgment for the face amount of each policy plus interest before judgment at 6% and thereafter at 10%. Gregg argues on appeal that *Drummond* is distinguishable on its facts and, alternatively, we should overrule *Drummond*. We disagree that *Drummond* is distinguishable and we decline to overrule it.

In *Drummond* we held that the same language as used in these policies was ambiguous and failed to inform the policyholder that the issuer of the policy had the exclusive right to furnish a complete funeral service and all supplies. While there is some variation among the certificates before us, all six contain the following language, identical to the language which the *Drummond* majority found to be ambiguous:

Upon the death of a member of the Association, those in charge of the body of the deceased shall notify the

Secretary-Treasurer, who shall have exclusive right to furnish services and supplies, to be selected by those in charge of the body of the deceased and of a value equal to the face amount of the Membership Certificate.

That wording prompted the trial court in this case to rule that *Drummond* was directly in point. The ruling was correct.

Burial policies are so similar to policies of insurance generally that the same rules of construction apply. *Anderson* v. *Frank Reid Burial Association*, 218 Ark. 817, 239 S.W.2d 12 (1951). That being so, any doubts about the meaning of a policy of insurance must be resolved in favor of the insured and against the insurer who prepared the policy and is answerable for its clarity. *Travelers Indemnity Company* v. *Imogene Hyde*, 232 Ark. 1020, 342 S.W.2d 295 (1961).

Appellant insists this language is clear and unambiguous and should be interpreted as proposed by the dissenting opinion of Justice Holt in the *Drummond* case. But we think the certificate holder is entitled to be told in a clearer fashion that the funeral home chosen by the association must furnish *all* the goods and services of a complete funeral, or else the benefits provided in the policy will be forfeited. It is enough to note that forfeiture is not favored in the law, and for good reason. We do not imply the law will deny the enforcement of a forfeiture per se, only that forfeitures are not favorites of the law, and that is particularly true of equity, but in any event such provision must be clear and express. *Ingram* v. *Kochitzky*, 282 Ark. 203, 668 S.W.2d 21 (1984); *Humke* v. *Taylor*, 282 Ark. 94, 666 S.W.2d 394 (1984); *Triplett* v. *Davis*, 238 Ark. 870, 385 S.W.2d 33 (1964); *Berry* v. *Cranford*, 237 Ark. 380, 373 S.W.2d 129 (1963); *Higgenbotham* v. *Harper*, 206 Ark. 210, 174 S.W.2d 668 (1943).

Appellant points to a difference in the evidence between *Drummond* and the case before us. In *Drummond* the rules and bylaws of the Arkansas Burial Association Board were not in the record, whereas they are in this case. Under Ark. Stat. Ann. § 66-1823 (Repl. 1980) the rules and regulations of the Board are given the force and effect of statute.

The Rules and Regulations of the Board state that the bylaws of a burial association may provide that when an associa-

tion is notified of the death of a policyholder, the association (through its Secretary-Treasurer) "shall designate a funeral director to prepare the body for interment according to the terms of the certificate held by the member at time of death." They also provide that if the funeral home customarily employed by the association cannot service the funeral, then the association shall pay at least 80% of the face value of the certificate to the servicing funeral director.

Appellant submits these provisions tell the policyholder what the policy itself fails to make clear. We are not persuaded they resolve the ambiguity found in *Drummond*, but we need not decide that, as the record does not tell us whether these Bylaws and Rules and Regulations were in effect when these policies were issued. Beyond that, it is settled that where an insured is not given the complete terms of a policy, the language in that portion of the policy he *is* given, will govern the transaction. *Lawrence* v. *Providential Life Insurance Company*, 238 Ark. 981, 385 S.W.2d 936 (1965). For the reasons stated, the judgment is affirmed.

Affirmed.

PURTLE, J., not participating.