**In re VEE JAY, INC., d/b/a Ouachita Country Club, Debtor.**

**J. Ray JONES, Maria Jones, and Phoenix, Inc., An Arkansas Corporation, Plaintiffs,**

v.

**VEE JAY, INC., d/b/a Ouachita Country Club, Defendant.**

**Bankruptcy No. FS 86–407M.**
**CMS No. 87–192M.**

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Sept. 24, 1987.

---

Ben Core, Fort Smith, Ark., for plaintiffs.

Ben Barry, Fort Smith, Ark., for debtor.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On November 21, 1986, Vee Jay, Inc., d/b/a Ouachita Country Club (Vee Jay, Inc.) filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code. On February 10, 1987, J. Ray Jones, Maria Jones, and Phoenix, Inc., filed a motion to dismiss the case and in the alternative to delete certain property from the estate.

The following constitutes the Court's findings of facts and conclusions of law as required by Bankruptcy Rule of Procedure 7052. The matter presented is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

The determinative facts are not in dispute. On May 1, 1983, Vee Jay, Inc., and Phoenix, Inc., executed an escrow contract for the sale of real estate located in Polk County, Arkansas, and known as the Ouachita Country Club. Vee Jay, Inc., was the purchaser. The total purchase price was $315,000.00 payable as follows: $50,000.00

down in cash and the balance of $325,-000.00 to be paid in monthly installments of $4,296.50 including interest at the rate of ten percent per annum. The contract provisions regarding default are, in pertinent part, as follows:

5. Upon failure of purchaser to make payment of the deferred balance as provided herein, all rights under this agreement shall be forfeited by purchaser, and any and all monies or property theretofore paid by purchaser to seller shall be deemed to be the monies and property of seller, to be considered as rental for the use of the property herein contracted to be conveyed by seller, and as liquidated damages for violation of this agreement.

6. Purchaser shall be considered and conclusively deemed to be in default whenever he shall be delinquent or overdue in the payment of any installment of principal or interest provided for herein for a period in excess of thirty days, it being intended hereby to provide a grace period of thirty days only for the purchaser. Time shall be of the essence in applying this provision, and this provision shall be strictly construed.

7. In the event of default by purchaser, seller shall have the option to take a forfeiture and to declare this contract to be terminated. It is agreed and understood that forfeiture of this contract is the only remedy of seller for default by purchaser. In the event of default, and if the seller shall elect to declare to take forfeiture of this agreement, the following procedure shall be utilized:

A. Seller shall notify the Escrow Agent, in writing, of seller's intention to declare forfeiture of this contract, and at the same time seller shall request and direct the Escrow Agent that no further payment is to be received or accepted from purchaser. In giving this notice to the Escrow Agent, seller shall also provide a copy of the notice to purchaser at purchaser's last known address.

B. In the event the notice above referred to shall be given by seller to Escrow Agent, it is agreed by all parties that the Escrow Agent shall in such event not thereafter receive or accept any payment from purchaser, and shall forthwith deliver to seller all of the papers held in escrow in connection with this contract, including the warranty deed above referred to, with the Escrow Agent to thereafter hold for a period of at least thirty days a photocopy of all such papers delivered to seller. Both seller and purchaser agree that if this procedure is carried out and performed by the Escrow Agent, the Escrow Agent shall in no wise be liable to either of the parties to this agreement. Each of the parties to this agreement agrees to indemnify and hold harmless the Escrow Agent from any such liability or expenditure, excepting only for actions knowingly taken by the Escrow Agent in breach and violation of Escrow Agent's duty under this escrow agreement.

C. Purchaser agrees that in the event of default and if forfeiture of this contract is declared by seller, then purchaser will immediately and forthwith surrender to seller possession of the property being the subject of this agreement without damage or undue waste or deterioration thereof. It is agreed by purchaser that if purchaser does not surrender possession of the property to seller, and if seller has to resort to legal assistance of legal action to regain or take possession of the property or to adjust the differences under this contract in any way resulting from breach of this agreement by purchaser, then purchaser shall be fully liable to seller for all of seller's legal expenses including a reasonable attorney's fee, all of which are to be paid by purchaser.

The installment payments were due on the first day of each month beginning June 1, 1983. A payment not made on or before thirty days after the due date was an act of default. The October, 1985, and the September, 1986, payments were not made. Vee Jay, Inc., made two payments in October, 1986, which made up for these two missed payments but the regular October,

1986, payment was not made. Vee Jay, Inc., failed to pay the 1984 and 1985 taxes which was also an act of default.

On November 16, 1986, Phoenix, Inc., caused a letter to be written to the escrow agent, First National Bank of Mena declaring the contract to be rescinded because of Vee Jay, Inc.'s defaults and demanding the return of the deed and other papers held in escrow. The letter was hand delivered to the escrow agent on the same day, and the escrow agent surrendered to Phoenix, Inc., all of the documents in escrow including the deed. Officers of Phoenix, Inc., then went to the premises and made demand that Vee Jay, Inc., vacate the premises. Vee–Jay, Inc. did not surrender possession, and on November 21, 1986, Vee Jay, Inc., filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code.

■ The issue presented is whether Vee–Jay, Inc.'s interest in an escrow contract for the sale of real estate became property of the estate when its case was filed. 11 U.S.C. § 541 defines property of the estate as "all legal or equitable interest of the debtor in property as of the commencement of the case." The debtor's interest in a land sales contract is property of the estate unless the debtor's rights have been permanently terminated prior to the commencement of the case. 1 *Collier on Bankruptcy*, ¶ 365.02 (15th ed. 1987). *See In re Taddeo*, 685 F.2d 24 (2nd Cir.1982; *In re Augustus Court Associates*, 43 B.R. 352 (Bankr.E.D.Pa.1984); *In re Vieland*, 41 B.R. 134 (Bankr.N.D.Ohio 1984).

■ The extent of the debtor's interest in property is determined primarily by reference to state law. 4 *Collier on Bankruptcy* ¶ 541.02[1] (15th ed. 1984). Under Arkansas law, the effect of a contract for a deed is to create a mortgage in favor of the seller and vest equitable title in the purchaser. *Judd v. Rieff*, 174 Ark. 362, 295 S.W. 370 (1927); *Gunter v. Ludlam*, 155 Ark. 201, 244 S.W. 348 (1922). These contracts have been referred to as executory contracts. *Corcorren v. Sharum*, 141 Ark. 572, 217 S.W. 803 (1920); *Robbins v. Fuller*, 148 Ark. 173, 229 S.W. 8 (1921). This Court has construed a contract for a deed to constitute a lien device for purposes of the Bankruptcy Code rather than an executory contract. *In re Jones*, 54 B.R. 697 (Bkrtcy.E.D.Ark.1985). Vee Jay, Inc.'s interest in the land sales contract is property of the estate unless the debtor's defaults permanently terminated its rights prior to bankruptcy.

■ A seller's right to forfeit a purchaser's interest under a land sales contract without judicial process because of the purchaser's default is recognized in Arkansas. *White v. Page*, 216 Ark. 632, 226 S.W.2d 973 (1950). However, forfeiture provisions may be waived by the conduct of the parties. Courts of equity will seize upon slight circumstances that indicate a waiver of the forfeiture provisions in order to prevent unjust enrichment. *Triplett v. Davis*, 238 Ark. 870, 385 S.W.2d 33 (1964); *Hatfield v. Mixon Realty Co.*, 269 Ark. 803, 601 S.W.2d 894 (App.1980). Under state law, even though a seller has declared a forfeiture of the contract because of the purchaser's default, an action for ejectment is still subject to a defense in the chancery court that the forfeiture should be avoided. *Humke v. Taylor*, 282 Ark. 94, 666 S.W.2d 394 (1984). Vee Jay, Inc., argues that equitable defense is an interest in property which is property of the estate and that the facts in this case may give rise to equitable relief from the forfeiture which should be determined in the context of a confirmation hearing. This Court agrees. Therefore, the motion to delete property from the estate is denied.

The plaintiff also filed a motion to dismiss the case but there is absolutely no basis to dismiss this case. Therefore, the motion to dismiss is also denied.

IT IS SO ORDERED.