In re VEE JAY, INC., d/b/a Ouachita Country Club (Two Cases).

PHOENIX, INC., an Arkansas Corporation, Plaintiff/Appellant,

v.

VEE JAY, INC., d/b/a Ouachita Country Club, Defendant/Appellee.

J. Ray JONES, Maria Jones, and Phoenix, Inc., an Arkansas Corporation, Plaintiffs/Appellants,

v.

VEE JAY, INC., d/b/a Ouachita Country Club, Defendant/Appellee.

Civ. Nos. 87–2065, 87–2180.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

May 16, 1988.

Ben Core, Fort Smith, Ark., for plaintiff.

Ben T. Barry, Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

These consolidated appeals from three orders of the bankruptcy court[1] present three issues for the consideration of the court. The first is whether the appellee is qualified for a Chapter 11 proceeding. The second and third are interrelated and ultimately involve the same matter, namely, whether and to what extent real estate sold by appellant to appellee on an installment arrangement belongs to the debtor and thus ought to be listed as part of the debtor's estate. The court will deal with each of these matters in turn.

I.

The appellant asserts that the bankruptcy petition filed here was filed for the motive of keeping it out of possession

---

1. The Honorable James G. Mixon, United States Bankruptcy Judge.

of property that rightfully belongs to it and that the appellee's original petition in bankruptcy contains fraudulent information. The difficulty with this argument is two-fold. First of all, the motive for filing a bankruptcy petition is irrelevant. *See* 2 *Collier on Bankruptcy* § 301.32 (1986). Secondly, there is nothing in the record to indicate whether the statements in the petition are false or not. Indeed, it will be the province of the bankruptcy judge to determine that very issue on remand. If appellant is not satisfied with the bankruptcy court's determination of that issue, it may then appeal on the ground that the findings in that respect are clearly erroneous.

## II.

The second and third issues can be shortly dealt with. On February 10, 1987, appellant filed its motion to delete the relevant property from the estate. In a singularly lucid opinion, the bankruptcy judge ruled that the equitable defenses of estoppel, waiver, or the like that are available under Arkansas law to a defaulting purchaser of land under an installment sale are equitable rights in property that justify initially listing the relevant real estate as an asset of the debtor's estate. Whether relief from forfeiture is in fact available in the circumstances of this case was a matter that the court specifically reserved to "be determined in the context of a confirmation hearing." In other words, the bankruptcy court has not finally decided whether the relevant real estate is part of the debtor's estate or not.

In the present circumstances, it has to be plain that this aspect of the appeal must be dismissed because the order from which the appeal is taken is not a final one. *See* 28 U.S.C. § 158(a). While what counts as a final order for determining appealability in a bankruptcy context is decided by a standard more liberal and elastic than the one applied in other cases, *see* 1 Collier on Bankruptcy § 3.03 at 3–152 *et seq.* (1986), it is nevertheless clear that the order here is not final because it contemplates further activity on the part of the court before the question of appellee's forfeiture, if any, is resolved. The appeal in this respect will therefore be dismissed for lack of jurisdiction.