The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion regarding the following question:
 Whether the holder of a burial policy can designate any Arkansas funeral home of his choice to be the beneficiary of the policy, or does the beneficiary funeral home have to be located within a 50-mile radius?
Section 6 of Arkansas Act 91 of 1953, codified as A.C.A. 23-78-109, states that the Arkansas Burial Association Board maintains authority, supervision and control of all burial associations organized or operating in this state. Additionally, the Board has full and complete authority to supervise the affairs of all burial associations. A.C.A. 23-78-108(4) (Supp. 1989). The Board requires that each member association have and maintain rules and by-laws with contents prescribed by the Burial Association Board. See A.C.A. 23-78-115. Article 22 of the prescribed by-laws required:
 The service area of a Burial Association shall be considered 25 miles. If a member dies outside the service area of the Association to which he belongs and funeral service and burial is to be out of such service area, notification of death is not necessary in order for the minimum benefit (not less than 80 percent) to be collectible on the certificate. Payment of claims outside the service area shall be made within 30 days after receipt of certified copy of the death certificate. Certified copies of the death certificates are not required in cases of death within the state.
If a member dies within the service area of the Association to which he belongs and the preparation of the remains, service and/or burial are not conducted by the contract funeral home, the Association shall refund 75 percent of the dues paid in behalf of the deceased member, such refund shall not exceed 75 percent of the fact amount of the certificate, except as provided below:
 `When proper notification is made to the Association, merchandise and/or services may be provided by the contract funeral home of the Association up to the fact amount of the certificate of membership. Provided however, that such services and/or merchandise must be agreed to by those responsible for making arrangements and the contract funeral home of the Association. Proper notification is hereby defined as the providing, by the servicing funeral home, of a desk copy of the death certificate before the funeral. This desk copy need not be signed by the attending physician or coroner.'
This issue of transferability has been explained in Drummond Citizens Ins. Co. v. Sergeant, 266 Ark. 611, 588 S.W.2d 419 (1979) and again in Gregg Burial Association v. Emerson, 289 Ark. 47,709 S.W.2d 401 (1986). The burial certificates in those cases seemed to say that the funeral home selected by the burial association had the exclusive right to furnish the funeral. The burial association there contended that, unless its associated funeral home furnished the funeral, no benefits were payable. The court held the applicable policy provisions to be ambiguous and therefore the family of the deceased could select which funeral home it wanted to provide the funeral. In Drummond and Gregg, it was stipulated that notice of death had been given in accordance with the contract.
Your constituent policy holder should review his burial contract as the contract provisions will govern the beneficiary funeral home. The contract itself will reveal the necessary facts to determine whether the issuer has made the policy so flexible (or ambiguous) as to be recognized by other providers.
It is worthy to note that in Drummond, supra, at 619, the Arkansas Supreme Court adopted the rule that in case of ambiguity in burial certificates, the court will construe the document's provisions in favor of the insured or his beneficiary. And, in Greggs, supra at 488, Justice Hays noted for the majority that the policyholder should be informed by the policy that the issuer has the "exclusive right to furnish a complete funeral home service and supplies" in order for such construction to be granted.
There, it is my opinion that the holder of the policy would need to review the specific contractual agreement to determine what notice is required for transferability. If the holder determines that the contract is flexible or ambiguous on that point, the holder may possibly transfer from the original funeral home to another within contractually the specified radius of the original home. If no radius is specified in the policy, then the twenty-five (25) mile provision of the Burial Board's by-laws would be applicable. Again, though, this will be governed by the terms of the policy itself.
The foregoing opinion which I hereby approve was prepared by Assistant Attorney General Dina C. Wood.