925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randall F. CARSON and Susan Carson, Plaintiffs-Appellants,
v.
Clayton YEUTTER,* individually and as Secretary
of Agriculture of the United States, Charles W. Shuman,
individually and as National Administrator of Farmers Home
Administration, a Department within the United States
Department of Agriculture, Robert Chambers, individually and
as the Illinois State Director of the Farmers Home
Administration, a department within the United States
Department of Agriculture, James Reifsteck, individually and
as the Head of Farmers Programs for the Farmers Home
Administration, Frederick P. Kocher, individually and as
Farm Program Specialist for the Farmers Home Administration,
a Department with the United States Department of
Agriculture, Louis O'Dell, individually and as the District
Director for the West Central Illinois Region of the Farmers
Home Administration, a Department within the United States
Department of Agriculture, Donald Burns, individually and as
Assistant District Director of the Farmers Home
Administration, a Department within the United States
Department of Agriculture, and I. Bryant Bilderback,
individually and as the McDonough County Illinois Supervisor
of the Farmers Home Administration, a Department within the
United States Department of Agriculture, Defendants-Appellees.
 No. 89-1599.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 12, 1990.
Decided Feb. 13, 1991.
 
 Before POSNER and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs-appellants Randall and Susan Carson are dairy farmers. Defendants-appellees are the Secretary of Agriculture and representatives of the Farmers Home Administration (FmHA).
 
 
 2
 Plaintiffs received loans and became indebted to FmHA for a total of $375,000. In 1980, they assigned certain milk checks, approximately $4,500 per month, to FmHA, as payments on their debt. Their farm was mortgaged to a bank, and FmHA held a second mortgage.
 
 
 3
 Plaintiffs allege that in December, 1981, they requested a deferral of payments (and release of their milk checks) for a period of five months. (There is a dispute whether this request was made.) Plaintiffs say they relied on 7 U.S.C. Sec. 1981a, authorizing permission to defer where a farmer becomes temporarily unable to make payments on account of circumstances beyond his control. In large part, the loans were used for additional livestock feed and equipment. The need for deferral allegedly arose from reduced prices for their products, and an onset of mastitis. They allege that the FmHA representative refused to consider the request. Defendants assert that milk checks for December, January, and February, 1982, were, in fact, released.
 
 
 4
 In January, 1982, plaintiffs filed a proceeding under Chapter 11 of the Bankruptcy Act. In February, they converted the proceeding to Chapter 7. They allege that they could not provide feed for their animals, and the bankruptcy would result in a turnover to FmHA, preventing starvation of the herd. After abandonment of the farm by the trustee, the mortgagee bank foreclosed and the United States, acting through the FmHA, purchased the farm at foreclosure sale. Plaintiffs returned to the farm and have remained (rent free, at the sufferance of FmHA since the sale) and have rebuilt their dairy herd.
 
 
 5
 Plaintiffs brought this action in 1983. In Count I (originally the only claim), they claimed damages from defendants individually. On appeal from a denial of immunity, this court decided that defendants are immune and claims against them in their individual capacities must be dismissed. Carson v. Block, 790 F.2d 562, 567 (7th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 6
 This appeal involves Count II of the second amended complaint, added in 1985. Count II invoked federal question jurisdiction and 5 U.S.C. Sec. 702, providing for judicial review of agency action and waiving immunity of the United States in an action seeking relief other than money damages. Plaintiffs sought a declaratory judgment that defendants violated 7 U.S.C. Sec. 1981a by refusing to consider their request for deferral, and an injunction against FmHA from forcing plaintiffs to move from "their" farm, purchased by the United States, but occupied by plaintiffs.
 
 
 7
 On motion before trial, the district court noted that the Carsons' indebtedness had been discharged in bankruptcy and accordingly there was no point in considering the indebtedness for deferral. The court dismissed Count II "for lack of standing to assert a statutory right to be considered for deferral of an outstanding loan." Having already dismissed Count I, the court entered judgment for defendants and plaintiffs appealed.
 
 
 8
 Our analysis reaches the same result.
 
 
 9
 Before the bankruptcy filing, the Carsons would have had standing to seek judicial review under 5 U.S.C. Sec. 702. Assuming success on the merits, they could have obtained an order requiring FmHA to consider and perhaps even to grant their request.
 
 
 10
 Upon commencement of a bankruptcy case, all legal or equitable interests of the debtor in property become part of the estate. 11 U.S.C. Sec. 541(a). The estate includes claims and causes of action which the debtor had at the time of filing. Matter of Smith, 640 F.2d 888, 890 (7th Cir.1981); Bauer v. Commerce Union Bank, Clarksville, Tenn., 859 F.2d 438, 441 (6th Cir.1988); Jones v. Harrell, 858 F.2d 667, 669 (11th Cir.1988); In re Ozark Restaurant Equipment Co., Inc., 816 F.2d 1222, 1225 (8th Cir.1987). Claims against the government are included. In re James, 112 B.R. 687 (E.D.Pa.1990); 4 Collier Sec. 541.10(4).
 
 
 11
 We recognize that Sec. 702 does not authorize an action against the United States for money damages. If, however, a debtor had a cause of action for damages against a person not immune, based on a claim that that person's unlawful act forced the debtor into bankruptcy and thereby caused loss, we have little doubt that it would become part of the estate. The trustee, not the debtor, would have standing to pursue it. Bauer, 859 F.2d at 441. An asset not administered before a case is closed is deemed abandoned, but only if scheduled. 11 U.S.C. Sec. 554(c).
 
 
 12
 The estate shall have the benefit of any defense available to the debtor. 11 U.S.C. Sec. 541(e); In re Vee Jay, Inc., 104 B.R. 101 (W.D.Ark.1987). Viewing the Carsons' claim to a deferral as a partial defense to the claim of the United States, the benefit of the defense passed to the estate.
 
 
 13
 The trustee abandoned the farm and foreclosure followed. The plaintiff was the bank which held the first mortgage. Because there was debt to the FmHA, secured by junior mortgages, the United States was named a defendant along with the Carsons. The United States answered, and the court determined the amount of the mortgage debt owed to it. The Carsons defaulted. If the trustee's abandonment of the farm restored the Carsons' right to bring an action for review, we think the foreclosure judgment precluded present Count II.
 
 
 14
 The court has recognized that even if a defense or counterclaim is not a compulsory counterclaim within the meaning of Rule 13(a), res judicata may still prevent a party from bringing a cause of action that could have been raised as a defense in an earlier proceeding. This doctrine applies when the later proceeding would nullify or impair rights established in the prior action. Rudell v. Comprehensive Accounting Corp., 802 F.2d 926 (7th Cir., 1986) (plaintiffs precluded from claiming franchise agreement was fraudulently procured when they had not alleged fraud in arbitration to determine the amount due under the agreement); County of Cook v. Midcon Corp., 773 F.2d 892, 908 n. 10 (7th Cir.1985) (plaintiffs precluded from bringing RICO claims in later suit when they had intervened in earlier suit challenging the reorganization of a public utility); Martino v. McDonald's System, Inc., 598 F.2d 1079, 1085 (7th Cir.1979) (plaintiff precluded from bringing antitrust suit to challenge clause in franchise agreement when he had not asserted defense in suit to enforce the clause). The Seventh Circuit has also held that this principle is found in Illinois law and applied it to an Illinois foreclosure proceeding. Henry v. Farmer City State Bank, 808 F.2d 1228, 1235 (1986) (plaintiff precluded from bringing RICO suit on grounds that mortgage was obtained fraudulently when mortgage was not challenged for fraud in earlier foreclosure proceedings). It seems that the Carsons' suit would impair the rights previously determined in the foreclosure proceeding, so the Carsons' claims in this action are precluded.
 
 
 15
 Plaintiffs emphasize two events which occurred after the bankruptcy commenced: (1) FmHA bought the farm on behalf of the United States and (2) the Carsons "squatted" on it. (The characterization is theirs.) These events set the stage for the particular relief the Carsons seek, but we do not see how those events would revive plaintiffs' lost standing to seek review of the refusal to consider deferral.
 
 
 16
 Several cases have arisen out of FmHA's early treatment of 7 U.S.C. Sec. 1981a, including our own United States v. Markgraf, 736 F.2d 1179 (7th Cir.1984). They deal with situations and challenges different from those presented here, with one possible exception. Matzke v. Block, 564 F.Supp. 1157 (D.Kan.1982), aff'd in part, rev'd in part, 732 F.2d 799 (10th Cir.1984), was a class action seeking, in part, to compel FmHA to implement Sec. 1981a. In that respect, the plaintiff class was successful. Claims of some individuals were, however, dismissed for lack of standing. 564 F.Supp. at 1164, 732 F.2d at 801. On of these had received a discharge in bankruptcy and the district court referred to him as having "elected a remedy." The decision is consistent with ours.
 
 
 17
 We do not ignore the theory which plaintiffs have evolved. They see FmHA's refusal to consider deferral as a legal wrong. They do not quite claim that they were entitled to deferral as a matter of law. Indeed, they suggest, but do not concede, that denial of deferral "might have been committed to agency discretion as a matter of law and plaintiffs might not have been entitled to judicial review of any denial." P.21, Supplemental Brief, Dec. 21, 1990. Plaintiffs do claim that deferral, and resulting control of their milk checks for five months, would have permitted them to continue as dairy farmers without bankruptcy and foreclosure, and to resume repayment to FmHA.
 
 
 18
 FmHA's purchase of the farm and plaintiff's occupancy seem to plaintiffs to make it appropriate equitable relief to force FmHA to continue to permit their occupancy. That advantage to plaintiffs would be redress for FmHA's wrong in refusing to consider deferral. On this appeal, somewhat belatedly, plaintiffs seem to concede that a free ride would not be equitable, for they say, "But, plaintiffs in this case specifically advised at oral argument and reaffirm now that they expect the reinstatement or instatement of their debt to the FmHA based on the fair value of their farm plus reasonable rental for the past seven years as part of any relief to which they would be entitled." Id.
 
 
 19
 We are not persuaded, however, that 5 U.S.C. Sec. 702 authorizes judicial short circuiting of the bankruptcy (and foreclosure) proceedings so as to accomplish the result plaintiffs seek.
 
 
 20
 The judgment is AFFIRMED.
 
 
 
 *
 The complaint named as its first defendant John R. Block, individually and as Secretary of Agriculture for the United States. The complaint against him individually has been dismissed. Insofar as he was sued in his official capacity, Clayton Yeutter, his successor in office, has been automatically substituted by operation of Federal Rule of Civil Procedure 25(d)(1). Other defendants in their official capacities are the present occupants of the positions described