**In re Fred REICHENBACH.**

**Bankruptcy No. 97–50957 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Feb. 17, 1998.

248

Joseph E. Kilpatrick, Little Rock, AR, for Plaintiff or Petitioner.

Danyelle J. Walker, Little Rock, AR, for Defendant or Respondent.

David D. Coop, Chapter 13 Trustee.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Objection to Debtor's Schedule of Assets filed by Atlas Land Company ("Atlas") on August 22, 1997. The parties appeared for hearing on October 23, 1997, stipulated to the facts they deemed relevant, and agreed to a briefing schedule on the issues. The issues raised being core matters, 28 U.S.C. § 157(b)(2)(A), and the parties having stipulated to the facts and documentary evidence, see Boston Five Cents Savings Bank v. Dep't of Housing and Urban Development, 768 F.2d 5, 11–12 (1st Cir.1985), the matter may be determined by the Court and a final order entered. 28 U.S.C. § 157(b).

In September 1993, the parties entered into a land sale contract under which Atlas agreed to sell, and the debtor agreed to buy, certain real estate. The contract provided that time was of the essence and established the seller's remedies of forfeiture or specific performance upon default in payment by the debtor. The debtor made a down payment of $8,500 and thereafter made 29 of 60 payments on the purchase price of $20,000. Thus, the debtor has paid slightly over 75% of the contract price. In addition, although the schedules reflect that he is not doing so, the contract required the debtor buyer to pay all taxes and maintain insurance.

Upon the debtor's failure to make payments, Atlas filed an action in the Chancery Court, requesting rescission of the contract and damages. Default judgment was entered on August 1, 1997. Rather than taking any action in the Chancery court, or seeking to set aside the default judgment, the debtor, on August 14, 1997, filed this bankruptcy case, listing Atlas as his sole creditor. The bankruptcy schedules aver that the debtor has no other creditors, lists the real property as his homestead, and lists assets of $100 in clothing. In addition to the odd circumstance of having no creditors or assets, not even any household goods,[1] the debtor's list of expenditures claims that he spends funds on utilities, $150 per month on food, and $40 per month to launder his $100 worth of clothes. His only other listed expenditure is the payment on the contract for his home. He spends nothing on taxes, insurance, or home maintenance. He apparently has no transportation. The plan treats Atlas as a secured creditor despite the entry of a judgment of forfeiture. Although objections to confirmation were due to be filed by October 13, 1997, Atlas has not objected to this treatment in the plan.[2] Rather, Atlas merely objects to the debtor listing the subject real property on his schedule of assets.

Atlas asserts that the contract is a land sale contract which terminated prior to the filing of the petition in bankruptcy such that the debtor holds no interest in either the contract or the land. The debtor asserts that the contract is a mortgage and, since the property was not sold prior to the filing of

---

1. The schedules state that, in February 1997, all of debtor's household goods were stolen. Apparently, he did not replace any of these goods—not a fork, spoon or blanket—between February and August 1997.

2. No order has been entered confirming the plan and the time for objecting to confirmation of the plan has long expired.

the bankruptcy case, he retained an interest in the real property. If the relationship between the parties is that of mortgagor and mortgagee, under section 1322(b), (c), the debtor would be entitled to cure the arrearage and reinstate the contract. *See generally In re Gordon*, 161 B.R. 459 (Bankr. E.D.Ark.1993); *In re Hayes*, 101 B.R. 569 (Bankr.E.D.Ark.1989). In addition, the debtor asserts that all land sales contracts are mortgages. The parties dispute not only the essential nature of the transaction, *i.e.*, whether it is a land sale contract or mortgage, but also the legal effect of a determination that the transaction is a land sales contract.

While it is true that land sale contracts are, in many instances, determined to be mortgages, or mortgage substitutes, such that the purchaser is entitled to the rights and remedies of a mortgagor, *i.e.*, raising defenses in a foreclosure action, notice of sale, and equity of redemption, this rule is not absolute. Under Arkansas law, executory contracts containing forfeiture clauses such as the one before the Court, although "abhorred," are valid and enforceable. *Triplett v. Davis*, 238 Ark. 870, 385 S.W.2d 33 (1964). Such contracts are not treated as mortgages such that the remedy of foreclosure is not available. Rather, the seller proceeds with the remedies under the contract and contract law. *See Abshire v. Hyde*, 13 Ark.App. 33, 679 S.W.2d 214 (1984). Once the seller revokes the agreement pursuant to the terms of the contract, the buyer has "no title, equitable or legal, under which [he may hold] possession to the lands in question." *Id.* at 216. Although it appears to be the rare circumstance where equity will not intervene, not every land sales contract is a mortgage. *See Hatfield v. Mixon Realty Co.*, 269 Ark. 803, 601 S.W.2d 894 (1980). *See generally* Glen E. Pasvogel, Jr., *Mortgage Substitutes—The Law in Arkansas*, 9 U.A.L.R. L.J. 433 (1986).

Whether a land sale contract is in fact a mortgage is determined by the intent of the parties in light of the circumstances. *In re Hayes*, 101 B.R. 569, 572 (Bankr. E.D.Ark.1989); *Carter v. Zachary*, 243 Ark. 104, 418 S.W.2d 787 (Ark.1967); *Hill v. Day*,

231 Ark. 550, 331 S.W.2d 38 (Ark.1960). However, even if the contract appears to be a strict land sale contract, equity may yet construe the contract as a security agreement. *Hayes*, 101 B.R. 569. For example, if the buyer has obtained an equitable interest in the property, forfeiture is not an appropriate remedy, *Harvison v. Charles E. Davis & Associates, Inc.*, 310 Ark. 104, 835 S.W.2d 284 (Ark.1992), and the seller may proceed with foreclosure as the appropriate remedy, *id.* There are other equitable defenses that may be raised in defending a forfeiture action, including waiver or acquiescence, *See In re Vee Jay, Inc.*, 104 B.R. 101 (Bankr. W.D.Ark.1987), *appeal dismissed*, 104 B.R. 105 (W.D.Ark.1988); *Moffatt v. Wyman*, 222 Ark. 247, 258 S.W.2d 533 (Ark.1953).

In the instant case, in light of the fact that the debtor has paid seventy-five percent of the purchase price, it appears that equity must intervene. The fact that the parties placed the burden of tax and insurance payments upon the buyer indicates that the agreement was intended to be a security device. Accordingly, were the matter appropriately before the Court, from the evidence presented under the stipulations, this Court would refuse to enforce the forfeiture provisions and treat the contract as a mortgage.

However, the Court is not merely presented with the issue of *whether* a contract is in actuality a mortgage or a land-sale contract, the Court is presented with a judgment representing a determination by the state court that the contract is a land sale contract and granting the remedy of forfeiture. Thus, this is not the oft-raised situation where a secured party has proceeded to judgment and the Court must determine at what point the debtor's interest terminated: after judgment, expiration of the redemption period, sale, or order confirming sale. In this instance, there is a judgment by which there is essentially a determination that there is no security agreement but merely a contract. The situation is entirely different and, if the state court default judgment is enforceable, section 1322 is not applicable.

The debtor chose not to appear and defend in that law suit and judgment

was entered against him.[3] As a general rule, under Arkansas law, a "judgment by default is just as binding and enforceable as judgment entered after a trial on the merits." *Reyes v. Jackson,* 43 Ark.App. 142, 861 S.W.2d 554, 555 (Ark.Ct.App.1993). *Accord Arnold & Arnold v. Williams,* 315 Ark. 632, 870 S.W.2d 365, 369 (1994), *cert. denied,* 513 U.S. 990, 115 S.Ct. 489, 130 L.Ed.2d 400 (1994)(applying *res judicata* to default judgment). The policies underlying collateral estoppel require, in general, that a judgment, by default or after full defense, be given full faith and credit by this Court. *See Kapp v. Naturelle, Inc.,* 611 F.2d 703, 710 (8th Cir. 1979).

■■■ The issue before the Court is a narrow one, whether the debtor is entitled to list the real estate he claims belongs to him. In light of the existence of the state court judgment, it appears that the property may not be listed as property of the estate. Whatever equitable defenses the debtor may have had with regard to the state court law suit are not properly raised in this Court. Rather, his remedy is to seek to set aside that judgment and defend in that state court action. This Court is bound by the judgment of the state court which terminated the debtor's contract. Under the default judgment, no mortgage, but a contract, existed and that contract was terminated by operation of a judgment prior to the filing of the petition in bankruptcy. Upon termination of the rights in that contract, the debtor lost any right to "title, equitable or legal, under which [he] held possession to the lands in question." *Abshire v. Hyde,* 13 Ark.App. 33, 679 S.W.2d 214, 216 (1984).

■■■ However, this, like the state Chancery court, is an equitable Court. Although the debtor did not promptly seek to set aside the judgment, he did take prompt action, to the extent he quickly filed a petition in bankruptcy. Accordingly, he may yet be able to set aside the default judgment in the state

court. *See* Ark. R. Civ. P. 55(c)(4); *see also* 11 U.S.C. § 108. Although the debtor may be mistaken that the automatic stay prevented him from pursing such action, it is true that Atlas would be in a quandary as to its ability to pursue the state court litigation and even defend a motion to set aside the default judgment. Inasmuch as the debtor appears to have a meritorious defense to the state court action, and in the interests of comity, the Court believes it is appropriate that the debtor be given the opportunity to seek to set aside the default judgment. Accordingly, it is

**ORDERED** as follows:

1. Ruling on the Objection to Debtor's Schedule of Assets filed by Atlas Land Company on August 22, 1997, is hereby deferred pending further action by the debtor to set aside the default judgment. The debtor shall initiate the appropriate proceedings in the state court within fifteen (15) days of entry of this Order.

2. Atlas Company is hereby granted relief from the stay to defend against any motion to set aside the default judgment in the state court proceeding. Should the default be set aside, Atlas Land Company may proceed to litigate that lawsuit in order that the state court may finally determine the nature of the contract.

3. A status conference in this contested matter is hereby set for April 9, 1998, at 1:00 p.m. at the United States Bankruptcy Courthouse, Courtroom 3, 300 West Second Street, Little Rock, Arkansas. At that time the Court will require a status report from the parties and inquire of the trustee as to whether it is appropriate to enter an order confirming the plan.

**IT IS SO ORDERED.**

---

**3.** The debtor is mistaken in his belief that the automatic stay prevented him from pursuing such action because section 362 stays only actions *against* the debtor. It is true that Atlas would be in a quandary as to its ability to pursue the state court litigation and even defend a motion to set aside the default judgment. Had the

debtor taken the more appropriate action, to seek to set aside the default, Atlas would have been required to seek relief from stay. Of course, in such instances, the parties usually agree to lift of the stay such that there is little, if any, litigation expense.